IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSHAN KUMARA MALALGODAPITIYA  :
3407 Kayson Street  :
Silver Spring, Maryland 20906  :
:
***On Behalf of Himself and***  :
***All Others Similarly Situated***  :
:
    Plaintiff,  :
:
    v.  :    Civil Action No.:
:
JAAM, LTD. t/a PARKLANE CLEANERS  :
4304 Connecticut Avenue, N.W.  :
Washington, D.C. 20008  :
:
    SERVE ON RESIDENT AGENT:  :
    FARAMARZ MAMDOUHI  :
    4304 Connecticut Avenue, N.W.  :
    Washington, D.C. 20008  :
:
    and  :
:
FARAMARZ MAMDOUHI  :
4304 Connecticut Avenue, N.W.  :
Washington, D.C. 20008  :
:
    Defendants.  :

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Roshan Kumara Malalgodapitiya ("Plaintiff"), by and through his undersigned counsel, and for himself and all others similarly situated, hereby complains against Defendants, Jaam, Ltd. t/a Parklane Cleaners ("Parklane") and Faramarz Mamdouhi ("Mamdouhi"), to recover unpaid back wages, overtime pay, liquidated damages, reasonable attorney's fees and costs under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); for wages due under the Maryland Wage Payment and Collection Law,

Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* ("MWPCL"); and for wages due under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), as set forth below.

## PARTIES AND JURISDICTION

1.	Plaintiff is an adult resident of the State of Maryland. Plaintiff's written consent to participate in this lawsuit is attached hereto as Exhibit 1.

2.	Parklane is a Maryland corporation with its principal place of business in Maryland. Parkland operates at various business locations, including the District of Columbia. Mamdouhi is, on information and belief, the President and principle owner of Parklane. At all times relevant, Defendants were Plaintiff's "employers" for purposes of the FLSA, MWPCL, and DCMWA.

3.	During the period of employment, Parklane was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). During the relevant time period, Parklane qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Upon information and belief, Mamdouhi was the individual who was Plaintiff's supervisor and determined his pay while Plaintiff was employed by Parklane.

4.	This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1391(b).

## FACTS

5.      Plaintiff was employed by Defendants from May 2002 through September 22, 2005 to work in Defendants' dry cleaning facility located at 4304 Connecticut Avenue, N.W., Washington, D.C., near the University of the District of Columbia. Plaintiff worked over forty (40) hours per week on a regular basis but was not compensated at the rate prescribed by law for overtime work. Plaintiff's compensation consisted of a payment in cash every two weeks of $500.00 for approximately 140 hours of work performed. Plaintiff never received a paycheck, Defendants never indicated to Plaintiff what, if any, deductions were being made from his gross pay, and Defendants never maintained any time records. Plaintiff did not perform work that meets the definition of exempt work under the FLSA or the DCMWA.

6.      Plaintiff is aware of other current and former employees of Defendants who are similarly situated in that they do not perform work which would qualify them as exempt from the overtime requirements of the FLSA and DCMWA and worked in excess of forty (40) hours per week on a regular basis for Defendants during the relevant time period.

## CAUSES OF ACTION
### COUNT I

**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

7.      Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-6 above, as if each were set forth herein.

8.      Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were his "employers" under § 207(a)(2). Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

10. Plaintiff worked overtime on a regular basis. Plaintiff was entitled to, and is owed, overtime pay at the rate of one and one-half (1 ½) times his regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Defendants have failed and refused to compensate Plaintiff (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II

### Violation of Federal Fair Labor Standards Act
### (Minimum Wage)

11. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-10 above, as if each were set forth herein.

12. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $5.15 per hour.

4

13.     Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were his "employers." Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for all hours worked at not less than the federal minimum wage.

14.     Plaintiff worked approximately 140 hours every two weeks, for which he was paid $500.00 cash, far less than the minimum amount required by federal law. Plaintiff was entitled to be paid, at a minimum, $5.15 per hour for all hours worked up to forty (40) in a given workweek, and payment at the overtime rate for all hours over forty (40). Defendants have failed and refused to compensate Plaintiff (and others similarly situated) properly and as required by law for numerous hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count II for unpaid minimum wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III

### Violation of Maryland Wage Payment and Collection Law

15.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-14 above, as if each were set forth herein.

16.     Plaintiff was an "employee," and Defendants were his "employers" within the meaning of the MWPCL §§ 3-501, *et seq.* Under MWPCL § 3-505, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff all wages due for work that Plaintiff performed. "Wage" is defined under MWPCL § 3-501 (c) as "all compensation that is due to an employee

for employment" including "a bonus; a commission; a fringe benefit; or any other remuneration promised for service."

17. Plaintiff worked over forty hours per week on a regular basis. Defendants owe Plaintiff overtime premium pay. Overtime premium pay constitutes unpaid wages recoverable under the MWPCL.

18. Defendants' failure and refusal to pay wages due as required by the MWPCL was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith. Under such circumstances, Plaintiff may recover, in addition to wages, up to three (3) times the amount of the wages claimed as additional damages pursuant to MWPCL § 3-507.1(b), as well as reasonable attorney's fees and costs.

WHEREFORE, Defendants are liable, jointly and severally, under Count III for all unpaid wages in such amount to be proven at trial, plus three (3) times the amount of unpaid wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV

### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

19. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-18 above, as if each were set forth herein.

20. Plaintiff was an "employee," and Defendants were his "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff overtime wages for work performed beyond forty (40) hours in a given workweek.

21.  Plaintiff worked over forty hours per week on a regular basis. Defendants owe Plaintiff overtime premium pay under the DCMWA.

22.  Defendants' failure and refusal to pay wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, under Count IV, for all unpaid wages in such amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Philip B. Zipin*

Philip B. Zipin, Bar No. 367362
David A. Lucas, Bar No. 481890
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email:   pzipin@zipinlaw.com
         dlucas@zipinlaw.com

**Counsel for Plaintiff**