IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROSHAN KUMARA MALALGODAPITIYA**<br>3407 Kayson Street<br>Silver Spring, MD 20906<br><br>*On Behalf of Himself and*<br>*All Others Similarly Situated*<br><br>        **Plaintiffs,**<br><br>v.<br><br>**JAAM, Ltd. t/a PARKLANE CLEANERS**<br>4304 Connecticut Avenue, N.W.<br>Washington, D.C. 20008<br><br>Serve:    **Faramarz Mamdouhi**<br>            4304 Connecticut Avenue, N.W.<br>            Washington, D.C. 20008<br><br>and<br><br>**FARAMARZ MAMDOUHI**<br>4304 Connecticut Avenue, N.W.<br>Washington, D.C. 20008<br><br>        **Defendants.** | Case No.: 1:06 CV 00430 (RJL) |

## ANSWER AND JURY DEMAND

Defendants JAAM, Ltd. and Faramarz Mamdouhi, by and through their counsel, Gerard J. Emig, Esq., Matthew J. Focht, Esq., and Gleason, Flynn, Emig & Fogleman, Chartered, hereby respond to the Plaintiffs' Complaint stating as follows:

## FIRST DEFENSE

The Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

**SECOND DEFENSE**

Answering the numbered Paragraphs of the Complaint, the Defendants set forth the following:

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 1.

2. The Defendants deny that Defendant Parkland Cleaners is itself a corporation organized under the laws of the State of Maryland. The Defendants admit that the principal place of business of Defendant Parkland Cleaners is located in the State of Maryland, and that it does business in multiple locations, including the District of Columbia. The Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint.

3. The Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. To the extent Paragraph 4 sets forth jurisdictional allegations, the Defendants are not required to respond to the same.

5. The Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6. The Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

**CAUSES OF ACTION**

**COUNT I**

**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

7. To the extent Paragraph 7 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-6 of the Complaint.

8. To the extent Paragraph 8 purports to quote the language of the Federal Fair Labor Standards Act, the Defendants are not required to respond to the same.

9. The Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. The Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

## COUNT II

### Violation of Federal Fair Labor Standards Act
### (Minimum Wage)

11. To the extent Paragraph 11 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-10 of the Complaint.

12. To the extent Paragraph 12 purports to quote the language of the Federal Fair Labor Standards Act, the Defendants are not required to respond to the same.

13. The Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. The Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

## COUNT III

### Violation of Maryland Wage Payment and Collection Law

15. To the extent Paragraph 15 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-14 of the Complaint.

16. The Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. The Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. The Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

## COUNT IV

### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

19. To the extent Paragraph 19 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-18 of the Complaint.

20. The Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. The Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     The Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

### THIRD DEFENSE

The Defendants generally deny all allegations of liability and damages.

### FOURTH DEFENSE

Any failure to pay Plaintiff Roshan Kumara Malalgodapitiya earned wages under applicable law arose as a result of *bona fide* dispute between the Plaintiff and the Defendants.

### FIFTH DEFENSE

Plaintiff Roshan Kumara Malalgodapitiya lacks standing to bring this suit.

### SIXTH DEFENSE

The statutes cited herein are not applicable to Plaintiff Roshan Kumara Malalgodapitiya, as he was employed by the Defendants in a managerial, executive, administrative and/or professional capacity.

### SEVENTH DEFENSE

Plaintiff Roshan Kumara Malalgodapitiya was paid his earned wages in accordance with applicable law.

### EIGHTH DEFENSE

Plaintiff Roshan Kumara Malalgodapitiya is not entitled to an award of treble damages.

### NINTH DEFENSE

The Defendants did not violate the relied upon statutes as alleged.

### TENTH DEFENSE

The Defendants respectfully reserve the right to assert the defense of statute of limitations in the event any such statutes become applicable.

**ELEVENTH DEFENSE**

Any failure to pay Plaintiff Roshan Kumara Malalgodapitiya earned wages arose out of a good faith belief by the Defendants that they were acting in accordance with applicable law.

**TWELTH DEFENSE**

Any failure to pay Plaintiff Roshan Kumara Malalgodapitiya earned wages arose out of a reasonable belief by the Defendants that they were acting in accordance with applicable law.

**THIRTEENTH DEFENSE**

Plaintiff Roshan Kumara Malalgodapitiya is not entitled to an award of liquidated damages.

WHEREFORE FOR THE REASONS SET FORTH ABOVE, Defendants JAAM, Ltd. and Faramarz Mamdouhi hereby respectfully request that this Honorable Court dismiss the instant matter with prejudice, with an additional award of to these Defendants of their attorneys' fees, costs, and such other relief as is just and proper.

    Respectfully submitted,

    GLEASON, FLYNN & EMIG
    & FOGLEMAN, CHARTERED


      /s/ Gerard J. Emig
    Gerard J. Emig, #973609
    Matthew J. Focht, #480906
    11 North Washington Street, Suite 400
    Rockville, MD 20850
    (301) 294-2110

    Attorneys for Defendants

## JURY DEMAND

The Defendants hereby respectfully demand trial by jury on all issues raised herein.

                                    /s/ Gerard J. Emig
                                      Gerard J. Emig

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS 6th day of April, 2006, a copy of the foregoing Answer and Jury Demand was served electronically and via first-class mail, postage prepaid on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

                                    /s/ Gerard J. Emig
                                      Gerard J. Emig