IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSHAN KUMARA MALALGODAPITIYA, *et al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No.: 1:06 CV 00430 (RJL) |
| : | |
| JAAM, Ltd. t/a : | |
| PARKLANE CLEANERS, *et al.* : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNT III OF THE COMPLAINT
("VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION LAW")**

Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, by and through their counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Honorable Court for entry of an order dismissing with prejudice the Plaintiff's claim arising out of the Defendants' alleged violation of the Maryland Wage Payment and Collection Law. In support of their motion, the Defendants state as follows:

**FACTUAL BACKGROUND**

On or about March 8, 2006, the Plaintiff filed his Complaint in the instant action. The Complaint includes claims against the Defendants for violations of various federal and stage wage and hour statutes. In particular, the Plaintiff alleges in Count III of his Complaint that the Defendants violated the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §§3-501, *et seq.*, when they allegedly failed to pay the Plaintiff certain amounts of overtime premium pay allegedly owed to him. *See* Complaint at ¶¶11-14. In support of his contention, the Plaintiff states that the Defendants were his "employer" within the meaning of the statute at issue. *See* Complaint at ¶13.

However, as indicated below, the Plaintiff cannot be considered the Defendants' employee for purposes of the Maryland Wage Payment and Collection Law, as the Plaintiff admittedly was not employed by the Defendants within the state of Maryland. *See* Md. Code Ann. Lab. & Empl. §§3-501(b). *See also* Complaint at ¶5. As such, the Plaintiff cannot be awarded relief for his allegedly unpaid overtime pay under the Maryland Wage Payment and Collection Law. Accordingly, this aspect of the Plaintiff's case must be dismissed with prejudice.

## ARGUMENT

### I. Fed R. Civ. P. 12(b)(6) Standard.

A motion under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Dismissal is appropriate only if the plaintiff can prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). At this stage, the Court must accept the plaintiff's factual allegations as true and construe the complaint liberally, granting the plaintiff the benefit of inferences that can be derived from the facts alleged. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court must reject all "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," and/or "legal conclusions cast in the form of factual allegations." Browning, 292 F.3d at 242, citing, Kowal, 16 F.3d at 1275.

As indicated below, the Plaintiff, by his own admission, was employed by the Defendants within the District of Columbia. *See* Complaint at ¶5. This fact renders the Plaintiff ineligible to seek relief under the Maryland Wage Payment and Collection Law, as the Defendants cannot be considered to be his "employer" within the meaning assigned to that term under the relevant statute. *See* Md. Code Ann. Lab. & Empl. §§3-501(b). Accordingly, and in light of the

foregoing standard, the Defendants are entitled to a dismissal with prejudice of Count III of the Complaint.

**II.     The Defendants Are Not the Plaintiff's "Employer" Within the Meaning of the Maryland Wage Payment and Collection Law.**

In Paragraph 5 of his Complaint, the Plaintiff states, without qualification, that he was "employed by [the] Defendants from May 2002 through September 22, 2005 to work in [the] Defendants' dry cleaning facility located at 4304 Connecticut Avenue, N.W., Washington, D.C., near the University of the District of Columbia." Id. The Plaintiff goes on to state that "[the] Plaintiff was an 'employee,' and [the] Defendants were his 'employers' within the meaning of the [Maryland Wage Payment and Collection Law]." *See* Complaint at ¶16.

The Maryland Wage Payment and Collection Law defines an "employer" as "any person who employs an individual in the State or a successor of the person." Md. Code Ann. Lab. & Empl. §§3-501(b) (Emphasis added). However, as is set forth in the Complaint, the Plaintiff was employed by the Defendants at a facility located in Washington, D.C. at 4304 Connecticut Avenue, N.W. Obviously, this address is not located in the state of Maryland.

In light of the fact that the Defendants did not employ the Plaintiff within Maryland, the Plaintiff cannot be awarded relief for his allegedly unpaid overtime pay under the Maryland Wage Payment and Collection Act. Indeed, the Plaintiff cannot make the predicate showing that the Defendants were his employer for purposes of the relevant statute. Accordingly, Count III of the Plaintiff's case must be dismissed with prejudice.

## CONCLUSION

WHEREFORE the reasons set forth above, Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi respectfully request entry of an order dismissing with

prejudice Count III of the Complaint ("Violation of Maryland Wage Payment and Collection Law") in the instant matter.

                                        Respectfully submitted,

                                        GLEASON, FLYNN, EMIG
                                        & FOGLEMAN, CHARTERED

                                        /s/ Gerard J. Emig
                                        Gerard J. Emig, #973609
                                        Matthew J. Focht, #480906
                                        11 North Washington Street, Suite 400
                                        Rockville, MD 20850
                                        (301) 294-2110

                                        Attorneys for Defendants

## **REQUEST FOR ORAL ARGUMENT**

Defendants hereby request oral argument on all issues raised herein.

                                        /s/ Gerard J. Emig
                                            Gerard J. Emig

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT THIS 6th day of April, 2006, a copy of the foregoing Memorandum of Points and Authorities In Support of Defendants' Motion to Dismiss Count III of the Complaint ("Violation of Maryland Wage Payment and Collection Law") was served electronically and via first-class mail, postage prepaid on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910


        /s/ Gerard J. Emig
            Gerard J. Emig