IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSHAN KUMARA MALALGODAPITIYA | : | |
| *On Behalf of Himself and* | : | |
| *All Others Similarly Situated* | : | |
|     Plaintiff, | : | |
| v. | : | Case No.: RJL-CV-06-430 |
| JAAM, LTD. | : | |
| t/a PARKLANE CLEANERS, *et al*. | : | |
|     Defendants. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COUNT III OF THE COMPLAINT**

Plaintiff Roshan Kumara Malalgodapitiya ("Kumara"), personally and on behalf of all others similarly situated and by and through undersigned counsel, hereby opposes Defendants' Motion to Dismiss Count III of the Complaint ("Motion"). For the reasons set forth below, Count III properly and adequately sets forth a claim upon which relief can be granted, and the Motion should be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

From approximately May 2002 through September 2005, Kumara was employed by Defendants to work in one of their dry cleaning facilities. Kumara brought this action on his own behalf and on behalf of other similarly-situated colleagues against their former employers seeking the recovery of unpaid overtime and minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") (Counts I and II). In Count III, Kumara seeks the recovery of unpaid wages pursuant to the Maryland Wage Payment and Collection Law, Md.

Code Ann., Lab. & Empl. §§ 3-501 *et seq*. ("MWPCL").[1]  Finally, in Count IV, Kumara seeks the recovery of unpaid minimum wages pursuant to the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA").

In their Motion, Defendants contend that Count III of the Complaint fails to state a claim upon which relief may be granted because Defendants are not Kumara's employers within the meaning of the MWPCL.  Defendants' argument, however, is incorrect.

## II.    LEGAL STANDARD

Defendants seek dismissal of Count III of the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  Under FRCP 12(b)(6), the Court must: 1) construe the Complaint liberally; 2) accept the well-pled allegations of the Complaint as true; and 3) resolve all doubts in favor of the Plaintiff.  *Shear v. Nat'l Rifle Ass'n of America*, 606 F.2d 1251, 1253 (D.C Cir. 1979).  Count III of the Complaint should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Because the well-pled allegations of the Complaint and, specifically, Count III clearly set forth facts under which Kumara would be entitled to relief, the Motion must be denied.

---

[1]    The primary purpose of the MWPCL is "to provide a vehicle for employees to collect, and an incentive for employers to pay, back wages." *Butler v. Visionair, Inc.*, 385 F. Supp. 2d 549, 555 (D. Md. 2005) (quoting *Battaglia v. Clinical Perfusionists*, 338 Md. 352, 685 A.2d 680, 686 (Md. Ct. App. 1995)).

### III.     LEGAL ARGUMENT

**A.     The Motion Should Be Denied Because the Determination of Whether Kumara Is Protected By the MWPCL is A Fact-Intensive Inquiry.**

In moving for the dismissal of Count III of the Complaint, Defendants rely on the definition of "employer" in § 3-501(b) of the MWPCL.[2]  Based on this definition and Kumara's allegation in the Complaint that he worked in one of Defendants' District of Columbia dry cleaning facilities, Defendants argue that they cannot possibly be Kumara's "employer" under the MWPCL.  Defendants' arguments and reliance on § 3-501(b) of the MWPCL are off-target.  The determination of whether Kumara is covered by the MWPCL is a more fact-intensive inquiry than that proposed by Defendants and will only be able to be decided after discovery in this matter has concluded.

In point of fact, the definition of "employer" under the MWPCL does not save Defendants.  The definition has no relevance in determining whether a particular "employee" is protected by the MWPCL because the definition concerns **employers** who are covered under the MWPCL.  In Maryland, an "employer" is bound by the MWPCL if it "employs an individual in [Maryland]…" Md. Code Ann., Lab. & Empl. § 3-501(b).  Kumara has alleged that the corporate Defendant is a Maryland corporation with its principal place of business in Maryland.  *See* Compl. ¶ 2.  In addition, Defendant Faramarz Mamdouhi is the corporate Defendant's President and principal owner.  *Id*.  Indeed, Defendants have admitted that their principal place of business is in Maryland.  *See* Defendants' Answer and Jury Demand at Second Defense ¶ 2.  There can be no doubt that Defendants employ individuals in Maryland and are bound by the MWPCL.

---

[2]     "'Employer' **includes** any person who employs an individual in the State or a successor of the person." Md. Code Ann., Lab. & Empl. § 3-501(b) (emphasis added).

Accordingly, the real issue is whether Kumara is an **employee** covered by the MWPCL.[3] In *Martinez v. Holloway*, 2005 WL 3157945, *16 (D. Md. 2005), the District Court of Maryland set forth, in a case of first impression, six factors that should be considered in determining whether a person is employed in the State of Maryland thus making the employment subject to the MWPCL. The six factors are: 1) the place where the employee was hired; 2) whether the employment arrangement contemplated the employee's regular presence in a particular jurisdiction; 3) the nature of the employer's work; 4) the purpose and scope of the hiring; 5) the consistency of the employee's work in a particular jurisdiction; and 6) representations by the employer regarding where the employee would be working. *Id*. (citing *Hodgson v. Flippo Contr. Co.*, 164 Md. App. 263, 883 A.2d 211, 215 (Md. Ct. Spec. App. 2005)). Such a determination cannot reasonably be made on the pleadings given the numerous factors that should be considered. The resolution of this issue can be more properly made after the conclusion of discovery in this matter.

For the foregoing reasons, the well-pled allegations of the Complaint, taken as true, set forth a claim against Defendants for violation of the MWPCL, and the Motion should be denied.

**B. Even Assuming that the Complaint Does Not Set Forth A Claim for Which Kumara Personally is Entitled to Relief, the Motion Should Be Denied Because the MWPCL is Likely to Be Applicable to Other Similarly-Situated Persons Who May Join This Lawsuit As a Plaintiff.**

This case is styled as a collective action under 29 U.S.C. § 216(b) of the FLSA. In accordance with the FLSA, a collective action "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in

---

[3] Assuming that Kumara is a covered employee under the MWPCL, he has a viable wage claim under the MWPCL in addition to the overtime and minimum wage claims under the FLSA and the DCMWA. Defendants promised, but failed, to pay to Kumara $12.00 per hour for "straight" time and $18.00 per hour for all overtime hours. *See* Application for Alien Employment Certification signed by Defendant Faramarz Mamdouhi, attached hereto as Exhibit 1. In fact, Defendants failed even to pay Kumara the minimum wage required by law.

4

behalf of himself or themselves *and other employees similarly situated.*" 29 U.S.C. § 216(b) (emphasis added).  Kumara, by undersigned counsel, intends to move this Court, early in the litigation, to facilitate the identification and notification of similarly situated employees pursuant to the collective action provision of the FLSA.  Such a motion will seek the identities of similarly situated employees working for Defendants in their dry cleaning facilities in the District of Columbia and Maryland, Defendants' principal place of business and where Defendants operate at least two dry cleaning facilities, in Rockville and Gaithersburg.  Kumara anticipates that the resolution of such a motion, and subsequent notice to similarly situated employees, will yield Plaintiffs who will consent to join this lawsuit and are likely to have claims under the FLSA and the MWPCL.

Therefore, even if the Complaint does not set forth a set of facts for which Kumara can personally claim relief under the MWPCL, the facts that: 1) this matter is styled as a collective action under the FLSA; 2) Kumara intends to move the Court to facilitate the identification and notification of similarly situated employees pursuant to the collective action provision of the FLSA; and 3) other Plaintiffs, who are covered under the MWPCL, are likely to join this lawsuit, should discourage this Court from granting the Motion.  Indeed, if the Court prematurely grants the Motion, Kumara may be required to seek leave to amend the Complaint to add the precise cause of action for which the Defendants seek dismissal.

### IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, Kumara respectfully requests that the Court deny Defendants' Motion to Dismiss Count III.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Bar No. 367362
David A. Lucas, Bar No. 481890
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email:   pzipin@zipinlaw.com
         dlucas@zipinlaw.com

*Counsel for Plaintiff*