IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSHAN KUMARA MALALGODAPITIYA, *et al.* | : : : | |
| **Plaintiffs,** | : : | |
| v. | : : | Case No.: 1:06 CV 00430 (RJL) |
| JAAM, Ltd. t/a PARKLANE CLEANERS, *et al.* | : : : | |
| **Defendants.** | : : | |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS COUNT III OF THE COMPLAINT

Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, by and through their counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby reply to the Plaintiffs' opposition to their motion for entry of an order dismissing with prejudice the Plaintiffs' claim arising out of the alleged violation of the Maryland Wage Payment and Collection Law. In support of their motion, the Defendants further state as follows:

Clearly, a factual analysis of the scope advocated by the Plaintiffs is not necessary where the lead Plaintiff essentially stipulates to facts that render his claim legally inoperative. *See* Martinez v. Halloway, 2005 WL 3157945 at *16 (D. Md. November 23, 2005). By his own admission, Plaintiff Kumara was employed by the Defendants specifically to work for them in the District of Columbia. *See* Complaint at ¶5. On the other hand, there has not been any allegation that Plaintiff Kumara *ever* worked for the Defendants at any location other than 4304 Connecticut Avenue, N.W., in Washington, D.C., sufficient to establish jurisdiction under the Maryland Wage Payment and Collection Law. Id.

The Maryland Wage Payment and Collection Law explicitly defines an "employer" as "any person who employs an individual in the State or a successor of the person." Md. Code Ann. Lab. & Empl. §§3-501(b). As indicated above, Plaintiff Kumara was not employed in Maryland. As such, he cannot make the predicate showing that the Defendants were his employer for purposes of recovery under the Maryland Wage Payment and Collection Law, and his claim for relief under such statute therefore must be dismissed with prejudice.

Further, it is far from certain based on the current state of the record that a collective action under the Fair Labor Standards Act, 29 U.S.C. §216(b), is authorized in this matter with regard to Maryland law. In order for a collective action to proceed, the collective plaintiffs must be "similarly situated" to the lead plaintiff. Id. In order to determine whether employees are "similarly situated," the Court must examine (1) whether they worked in the same corporate department, division, *and location*; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief. Hunter v. Sprint Corp., 346 F. Supp. 2d 113, 119 (D.D.C. 2004) (Emphasis added). Indeed, in order to support entitlement to a collective action, there must be some allegation beyond that "they were denied overtime or paid below the minimum wage." Id. *See also* Lawrence v. City of Philadelphia, 2004 WL 945139 at *2-3 (E.D. Pa. April 29, 2004) (Denying collective action in cases involving overtime claims of Philadelphia paramedics employed by different supervisors in various units, platoons, and locations throughout the city.)

In this case, the Plaintiffs have not identified any individuals to whom collective action may apply, or who have opted into this case under a collective action theory. However, regardless of the specific identity of these alleged individuals, it is clear under Lawrence and Hunter, that *any* Maryland employee of the Defendants is not "similarly situated" to Plaintiff

Kumara due to the disparities in the locus of their respective places of employment. Therefore, the hypothetical possibility of a collective action against the Defendants applying Maryland law is simply not sufficient to salvage the claims raised in Count III of the Complaint. Defendant Kumar lacks the standing necessary to bring such claims on behalf of such individuals due to his lack of "similarlity."

## CONCLUSION

WHEREFORE the reasons set forth above, Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi respectfully request entry of an order dismissing with prejudice Count III of the Complaint ("Violation of Maryland Wage Payment and Collection Law") in the instant matter.

Respectfully submitted,

GLEASON, FLYNN, EMIG
& FOGLEMAN, CHARTERED

   /s/ Gerard J. Emig
Gerard J. Emig, #973609
Matthew J. Focht, #480906
11 North Washington Street, Suite 400
Rockville, MD 20850
(301) 294-2110

Attorneys for Defendants

## REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument on all issues raised herein.

   /s/ Gerard J. Emig
Gerard J. Emig

3

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT THIS 26th day of April, 2006, a copy of the foregoing Defendants' Reply to Plaintiffs' Opposition to Their Motion to Dismiss Count III of the Complaint was served electronically and via first-class mail, postage prepaid on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

    /s/ Gerard J. Emig
        Gerard J. Emig