IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSHAN KUMARA MALALGODAPITIYA, *et al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No.: 1:06 CV 00430 (RJL) |
| : | |
| JAAM, Ltd. t/a PARKLANE CLEANERS, *et al.* : | |
| : | |
| **Defendants.** : | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFFS' MOTION
TO FACILITATE IDENTIFICATION OF SIMILARLY SITUATED EMPLOYEES**

Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, by and through their counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to 29 U.S.C. §216(b) and L. Cv. R. 7(b), hereby respectfully submit their opposition to the Plaintiffs' Motion to Facilitate Identification and Notification of Similarly Situated Employees. In support of their opposition to the Plaintiffs' motion, the Defendants state as follows:

**FACTUAL BACKGROUND**

On or about March 8, 2006, the Plaintiff filed his Complaint in the instant action. Such Complaint alleges that the Defendants violated certain federal and stage wage and hour statutes, including, but not limited to the Federal Fair Labor Standards Act (hereinafter referred to as the "FSLA"), the Maryland Wage Payment and Collection Law, and the District of Columbia Minimum Wage Act. Plaintiff Roshan Kumara Malalgodpitiya (hereinafter referred to as "Plaintiff Kumara") alleges, *inter alia*, that the Defendants failed to pay the employees in their dry cleaning stores the requisite overtime rate. In this regard, Plaintiff Kumara states in his affidavit in support of the instant motion that he has personal knowledge of the fact that

"numerous other employees at Defendants' dry cleaning facility worked in excess of forty (40) hours in a workweek for Defendants, and were not compensated at a rate of one and one-half (1½) times their regular rate for overtime hours."  Affidavit of Plaintiff Roshan Kumara Malalgodpitiya at ¶¶ 5.  Plaintiff Kumara alleges that he possesses such knowledge because he "was responsible for keeping track if the employees' working time in the log book and because many of the employees would complaint to [him] that their pay did not match the number of hours that they worked and that they were not being paid overtime."  Id.

On or about June 8, 2006, Plaintiff Kumara filed the instant motion.  Such motion alleges that the Defendants engaged in a "widespread practice of failing and refusing to pay overtime wages to hourly employees at the dry cleaning facility where [Plaintiff] Kumara worked," such that "it stands to reason that Defendants paid workers at their other dry cleaning facilities…in the same manner.  This represents numerous other employees who have had their rights to overtime pay under the FSLA violated."  Plaintiffs' Motion at p. 11.  (Internal parenthesis omitted.)

## ARGUMENT

Based on the current state of the record, it is clear that Plaintiff Kumara has failed to establish that a collective action under the Fair Labor Standards Act, 29 U.S.C. §216(b), is authorized in this matter.  As such, the Plaintiffs' Motion to Facilitate Identification and Notification of Similarly Situated Employees should be denied.

Generally, in order for a collective action to proceed, the collective plaintiffs must demonstrate that they are "similarly situated" to the lead plaintiff.  Id.  Courts have held that "plaintiffs can meet this burden by making a modest factual showing that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  Realite v. Ark Restaurants Corp., 7 F. Supp.2d 303, 306 (S.D.N.Y. 1998).  Although the required factual

showing is not necessarily stringent, the Plaintiff must be able to make a showing that there is a "colorable basis" supporting the request for collective action. Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995). *See also* Severtson v. Phillips Beverage Co., 141 F.R.D. 276, 278-79 (D. Minn. 1992) ("A colorable basis [for collective action] means that [the] plaintiff must come forward with something more than the mere averments in its complaint in support of its claim.")  Indeed, in order to support entitlement to a collective action, there must be some allegation by the plaintiffs beyond that "they were denied overtime or paid below the minimum wage." Hunter v. Sprint Corp., 346 F. Supp. 2d 113, 119 (D.D.C. 2004). In this regard, the Court may consider (1) whether the alleged employees worked in the same corporate department, division, and location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief. Id. *See also* Lawrence v. City of Philadelphia, 2004 WL 945139 at *2-3 (E.D. Pa. April 29, 2004) (Denying collective action in cases involving overtime claims of Philadelphia paramedics employed by different supervisors in various units, platoons, and locations throughout the city.)

In this case, the Plaintiffs have failed to meet even this modest factual burden. The affidavit of Plaintiff Kumara contains little more than Plaintiff Kumara's unsubstantiated and conclusory statements regarding the existence of other employees who he claims are "similarly situated" to him. Left unsaid in his affidavit is precisely how such individuals are similarly situated to him in terms of job title, responsibilities, rate of pay, exempt status, and/or job location and working hours. *See* Affidavit of Plaintiff Kumara at ¶¶ 5-6. *See also* Hunter, 346 F. Supp. 2d at 119. Likewise, the Plaintiffs have not filed affidavits from anyone other than Plaintiff Kumara addressing these key factors. *See, e.g.,* Severtson, 141 F.R.D. at 278. Moreover, the Plaintiffs have not produced any evidence that the Defendants had a common plan

3

to deny them wages to which they were otherwise legally entitled. Id. Plaintiff Kumara's assertions, standing alone, simply are not sufficient to meet even the minimal factual showing necessary to prevail on the instant motion. Accordingly, the Plaintiffs' Motion to Facilitate Identification and Notification of Similarly Situated Employees should be denied.

## CONCLUSION

WHEREFORE THE REASONS SET FORTH ABOVE, Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi respectfully submit that the Plaintiffs' Motion to Facilitate Identification and Notification of Similarly Situated Employees should be denied.

Respectfully submitted,

GLEASON, FLYNN, EMIG
& FOGLEMAN, CHARTERED


       /s/ Gerard J. Emig
Gerard J. Emig, #973609
Matthew J. Focht, #480906
11 North Washington Street, Suite 400
Rockville, MD 20850
(301) 294-2110

Attorneys for Defendants


## REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument on all issues raised herein.


       /s/ Gerard J. Emig
            Gerard J. Emig

4

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT THIS 19th day of June, 2006, a copy of the foregoing Defendants' Opposition Plaintiffs' Motion to Facilitate Identification and Notification of Similarly Situated Employees was served electronically and via first-class mail, postage prepaid on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

                                              /s/ Gerard J. Emig
                                                 Gerard J. Emig