IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSHAN KUMARA MALALGODAPITIYA | : | |
| *On Behalf of Himself and* | : | |
| *All Others Similarly Situated* | : | |
| Plaintiff, | : | |
| v. | : | Case No.: RJL-CV-06-430 |
| JAAM, LTD. | : | |
| t/a PARKLANE CLEANERS, *et al*. | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
MOTION TO FACILITATE IDENTIFICATION
AND NOTIFICATION OF SIMILARLY SITUATED EMPLOYEES**

Plaintiff, Roshan Kumara Malalgodapitiya ("Kumara"), was employed by Defendants at one of their dry cleaning facilities in the District of Columbia from approximately May 2002 through September 22, 2005. While employed by Defendants, Kumara worked approximately seventy (70) hours per week and was paid only $500.00 in cash by Defendants for every two weeks of work. Kumara never received a paycheck from Defendants, and Defendants never indicated what, if any, deductions were being taken from Kumara's gross pay.

Plaintiff has filed suit for the overtime pay which was not paid by Defendants. Because Defendants operate facilities in the District of Columbia and Maryland, because Defendants pay all of their employees at their dry cleaning facilities improperly, and because this improper pay practice appears to extend to all employees who worked for Defendants in the District of Columbia and Maryland, Plaintiff filed a Motion to Facilitate Identification and Notification of Similarly Situated Employees ("Motion"). Plaintiff has moved this Court for an order permitting notice to be sent to all other employees, who may be owed overtime pay because of Defendants'

improper pay practices, advising them of their right to opt-in to this action and assert their rights to receive overtime pay under the Fair Labor Standards Act ("FLSA").

Defendants have filed an Opposition to the Motion. After consideration of the arguments made by Defendants in the Opposition, the Court should conclude that the relief sought in the Motion is appropriate and should be granted.

## ARGUMENT

Defendants contend that Plaintiff has failed to meet what they recognize as his "modest" threshold burden of showing sufficient commonality to justify collective action. As set forth below, Defendants' argument has no merit.

### I.   Plaintiff Has Satisfied His Minimal Burden to Justify the Notice at This Stage

Defendants do not disagree that this Court has the authority to authorize the sending of the notice sought by Kumara and concede that Kumara's burden at this stage is "not necessarily stringent." Opp. at 3.[1] Nevertheless, Defendants contend that Plaintiff has failed to satisfy even his "modest" burden of showing that court-facilitated notice is appropriate, because Plaintiff has offered "little more than [his] unsubstantiated and conclusory statements" to provide sufficient evidence to substantiate the need for such notice at this stage. Such an argument is misguided and, if accepted, would only encourage a slew of individual lawsuits with similar facts and identical legal claims and defenses. Collective action notice should be sent to avoid this kind of procedural complication.

---

[1]   Indeed, at this stage, Plaintiff "need only 'mak[e] a *modest* factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002) (emphasis added), quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); *see also Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002). In other words, "plaintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Schwed v. G.E. Co.*, 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995); *see also Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278 (D. Minn. 1992) ("plaintiffs [need only] come forward with evidence that establishes a colorable basis for their claim that the potential plaintiffs are similarly situated").

Kumara's affidavit, which was submitted in support of the Motion, sets forth facts which are sufficient to justify sending the notice to all employees employed by Defendants. Kumara's affidavit establishes, *inter alia*, that: (1) he regularly worked over forty (40) hours each workweek but did not receive any overtime compensation for hours worked over forty (40); (2) numerous other employees at Defendants' dry cleaning facility worked in excess of forty (40) hours in a workweek and were not compensated at a rate of one and one-half (1½) times their regular rate for overtime hours; and (3) it was company practice to not pay proper wages to employees. The affidavit is based on Kumara's personal knowledge, and the statements therein are not unsubstantiated and conclusory. Certainly, Kumara's affidavit enables him to meet his "modest" burden of showing that he is "similarly situated" to putative class members by showing a company policy and practice to deny employees proper pay.

Notwithstanding the sufficiency of Kumara's affidavit, the affidavit of Utuh Rahardja Putra[2] (attached hereto as Exhibit 1), corroborates the statements in Kumara's affidavit and provides additional evidence that satisfies his "modest" burden of showing that court-facilitated notice is appropriate. Defendant Faramarz Mamdouhi even told Mr. Putra that, "we don't pay overtime here," when questioned about Defendants failure to pay their employees at a rate of one and one-half (1½) times their regular rate for hours over forty (40). Kumara Aff. at ¶ 5.

Further, Defendants' criticism that Kumara has failed to allege any basis of a common plan by Defendants to deny him (and other of Defendants' employees) wages falls flat. Both affiants assert that they were not paid overtime for hours worked over forty (40) in a workweek, and that virtually all of Defendants' employees were not compensated at a rate of one and one-half (1½) times their regular rate for overtime hours. The affiants have even named some of

---

[2] This affidavit was not included with the Motion because the affiant stepped forward and provided the information detailed in the affidavit after the Motion had already been filed.

3

these employees; there are, however, more employees who could not be named.  In addition, documents received in response to a Freedom of Information Act request propounded by Kumara on the District of Columbia government (attached hereto as Exhibit 2) demonstrate that Defendants' failure to pay proper wages was part of a common plan.[3]  How much more of a "common plan" could be described in this context?  This is precisely why collective action notice is appropriate – to advise those whose identities are unknown to Kumara (but known or readily ascertainable to Defendants) that they may have claims similar to Kumara, who has stepped forward and brought this action on behalf of all employees who have been improperly paid.

## CONCLUSION

As the Supreme Court has admonished, "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [wrongful] activity."  *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The goal of judicial economy would be served in this case by the granting of Plaintiff's motion for conditional collective action certification.  For the reasons set forth herein and in the Motion, Plaintiff hereby respectfully requests that this Honorable Court grant the Motion and provide the relief requested therein.

---

[3] The documents attached as Exhibit 2, which Plaintiff obtained after the filing of the original Motion, show that at least two other employees who worked for Parklane Cleaners were not paid in accordance with the law.  The redactions are included in the original documents received from the District of Columbia government.

Respectfully submitted,


_____/s/_____
Philip B. Zipin, Bar No. 367362
David A. Lucas, Bar No. 481890
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email:     pzipin@zipinlaw.com
           dlucas@zipinlaw.com
*Counsel for Plaintiff*