**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROSHAN KUMARA MALALGODAPITIYA,** *et al.* : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> **JAAM, Ltd. t/a** : <br> **PARKLANE CLEANERS,** *et al.* : <br> : <br> **Defendants.** : | Case No.: 1:06 CV 00430 (RJL) |

### ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants JAAM, Ltd. and Faramarz Mamdouhi, by and through their counsel, Gerard J. Emig, Esq., Matthew J. Focht, Esq., and Gleason, Flynn, Emig & Fogleman, Chartered, hereby respond to the Plaintiffs' First Amended Complaint and Demand for Jury Trial, stating as follows:

### FIRST DEFENSE

The Plaintiff's Amended Complaint fails to set forth a claim upon which relief can be granted.

### SECOND DEFENSE

Answering the numbered Paragraphs of the Amended Complaint, the Defendants set forth the following:

### PARTIES AND JURISDICTION

1.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 1.

2.  The Defendants deny that Defendant Parklane Cleaners is itself a corporation organized under the laws of the State of Maryland. The Defendants admit that the principal place of

business of Defendant Parklane Cleaners is located in the State of Maryland, and that it does business in multiple locations, including the District of Columbia. The Defendants deny the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

3. The Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4. To the extent Paragraph 4 sets forth jurisdictional allegations, the Defendants are not required to respond to the same.

5. The Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint.

6. The Defendants deny the allegations set forth in Paragraph 6 of the Amended Complaint.

## CAUSES OF ACTION

### COUNT I

**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

7. To the extent Paragraph 7 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-6 of the Amended Complaint.

8. To the extent Paragraph 8 purports to quote the language of the Federal Fair Labor Standards Act, the Defendants are not required to respond to the same.

9. The Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10. The Defendants deny the allegations set forth in Paragraph 10 of the Amended Complaint.

## COUNT II

### Violation of Federal Fair Labor Standards Act
### (Minimum Wage)

11. To the extent Paragraph 11 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-10 of the Amended Complaint.

12. To the extent Paragraph 12 purports to quote the language of the Federal Fair Labor Standards Act, the Defendants are not required to respond to the same.

13. The Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14. The Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint.

## COUNT III

### Violation of Maryland Wage Payment and Collection Law

15. To the extent Paragraph 15 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-14 of the Amended Complaint.

16. The Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17. The Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

18. The Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

## COUNT IV

### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

19. To the extent Paragraph 19 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-18 of the Amended Complaint.

20. The Defendants deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21. The Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22. The Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

## COUNT V

### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

23. To the extent Paragraph 22 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-22 of the Amended Complaint.

24. The Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25. The Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26. The Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint.

## COUNT VI

### Violation of D.C. Wage Payment and Wage Collection Act

27. To the extent Paragraph 27 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-26 of the Amended Complaint.

28. The Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29. The Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30. The Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31. The Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

## COUNT VII

### Breach of Contract

32. To the extent Paragraph 32 incorporates the preceding paragraphs, the Defendants hereby incorporate by reference their responses to Paragraphs 1-31 of the Amended Complaint.

33. The Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34. The Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35. The Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

**THIRD DEFENSE**

The Defendants generally deny all allegations of liability and damages.

**FOURTH DEFENSE**

Any failure to pay Plaintiff Roshan Kumara Malalgodapitiya earned wages under applicable law arose as a result of *bona fide* dispute between the Plaintiff and the Defendants.

**FIFTH DEFENSE**

Plaintiff Roshan Kumara Malalgodapitiya lacks standing to bring this suit.

**SIXTH DEFENSE**

The statutes cited herein are not applicable to Plaintiff Roshan Kumara Malalgodapitiya, as he was employed by the Defendants in a managerial, executive, administrative and/or professional capacity.

**SEVENTH DEFENSE**

Plaintiff Roshan Kumara Malalgodapitiya was paid his earned wages in accordance with applicable law.

**EIGHTH DEFENSE**

Plaintiff Roshan Kumara Malalgodapitiya is not entitled to an award of treble damages.

**NINTH DEFENSE**

The Defendants did not violate the relied upon statutes as alleged.

**TENTH DEFENSE**

The Defendants respectfully reserve the right to assert the defense of statute of limitations in the event any such statutes become applicable.

## ELEVENTH DEFENSE

There was no legally enforceable employment contract between the Plaintiff and the Defendants.

## TWELTH DEFENSE

The Plaintiff was not a party to any purported agreement between the Defendant(s) and the United States Immigration and Naturalization Service.

## THIRTEENTH DEFENSE

Any failure to pay Plaintiff Roshan Kumara Malalgodapitiya earned wages arose out of a good faith belief by the Defendants that they were acting in accordance with applicable law.

## FOURTEENTH DEFENSE

Any failure to pay Plaintiff Roshan Kumara Malalgodapitiya earned wages arose out of a reasonable belief by the Defendants that they were acting in accordance with applicable law.

## FIFTEENTH DEFENSE

Plaintiff Roshan Kumara Malalgodapitiya is not entitled to an award of liquidated damages.

WHEREFORE FOR THE REASONS SET FORTH ABOVE, Defendants JAAM, Ltd. and Faramarz Mamdouhi hereby respectfully request that this Honorable Court dismiss the instant matter with prejudice, with an additional award of to these Defendants of their attorneys' fees, costs, and such other relief as is just and proper.

Respectfully submitted,

GLEASON, FLYNN & EMIG
& FOGLEMAN, CHARTERED



___/s/ Gerard J. Emig_____
Gerard J. Emig, #973609
Matthew J. Focht, #480906
11 North Washington Street, Suite 400
Rockville, MD 20850
(301) 294-2110

Attorneys for Defendants



## **JURY DEMAND**

The Defendants hereby respectfully demand trial by jury on all issues raised herein.



___/s/ Gerard J. Emig_____
Gerard J. Emig

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT THIS 2nd day of November, 2006, a copy of the foregoing Answer to Plaintiffs' First Amended Complaint and Demand was served electronically and via first-class mail, postage prepaid on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

          /s/ Gerard J. Emig
                Gerard J. Emig