# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSHAN KUMARA
MALALGODAPITIYA, *et al.*
    Plaintiffs,

v.

JAAM, Ltd. t/a
PARKLANE CLEANERS, *et al.*
    Defendants.

Case No.: 1:06 CV 00430 (RJL)

## ANSWERS TO INTERROGATORIES

To:    Roshan Kumara Malalgodapitiya, Plaintiff
    c/o Philip B. Zipin, Esq.
    The Zipin Law Firm, LLC
    8403 Colesville Road, Suite 610
    Silver Spring, MD 20910

From:  JAAM, Ltd., Defendant
    c/o Gerard J. Emig, Esq.
    Gleason, Flynn, Emig & Fogleman, Chartered
    11 North Washington Street, Suite 400
    Rockville, MD 20850



RECEIVED OCT -3 2005 THE ZIPIN LAW FIRM LLC ATTORNEYS AT LAW

Defendant JAMM, Ltd, by and through undersigned counsel, hereby responds to the Interrogatories propounded by the Plaintiff, stating as follows:

### INSTRUCTIONS

(a)    The information supplied in these Answers is not based solely on the knowledge of the executing parties, but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

(b)    The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus does not necessarily purport to be the precise language of the executing party.

indemnify or reimburse you for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised by the person relating to coverage for this action.

**ANSWER:** This Defendant is not aware of any such insurance.

**INTERROGATORY 6:** Identify all terms and conditions of Plaintiff's employment with you from March 2003 through the present, including, but not limited to, the salary or hourly pay, commissions, bonuses, and benefits Plaintiff was to receive and any conditions to the receipt thereof. Identify all documents or statements which relate thereto.

**ANSWER:** Mr. Kumar was hired as a manager of the Parklane Cleaning Store. His original rate of pay was $300.00 to $325.00 a week when he was hired in November/December 2001. Shortly thereafter, his rate of pay was increased to $325.00 per week.. In the Spring of 2003, his rate of pay was increased to $415.00 per week. In the Spring of 2004, his rate of pay was increased to $455.00 per week. In March of 2005, his rate of pay was increased to $500.00 a week.

**INTERROGATORY 7:** Identify all persons (other than Plaintiff) employed by you at any dry cleaning facility owned, operated, or managed by you in the District of Columbia and Maryland at any time from March 2003 through the present.

**ANSWER:** Pursuant to agreement of counsel, the parties have agreed to reserve on this interrogatory pending Court's rulings and further discussion of counsel.

**INTERROGATORY 8:** Identify all terms and conditions of employment with respect to each person identified in your response to Interrogatory No. 7, including, but not limited to, the salary or hourly pay, commissions, bonuses, and benefits each employee was to receive and any conditions to the receipt thereof. Identify all

documents and statements which relate thereto.

**ANSWER:**   Pursuant to agreement of counsel, the parties have agreed to reserve on this interrogatory pending Court's rulings and further discussion of counsel.

**INTERROGATORY 9:**   State the number of hours worked by Plaintiff for you, per week, from March 2003 through the present. Identify all documents and statements which relate thereto, including, but not limited to, time sheets, time clock punch cards, and pay stubs.

**ANSWER:**   Prior to March of 2005, Mr. Kumar worked approximately 58 hours each week. This amount would vary. Subsequent to March, 2005, Mr. Kumar worked approximately 64 hours a week. His schedule was as follows:

| Day | Hours | |
|---|---|---|
| Monday | 7 to 7 | (with lunch break) |
| Tuesday | 7 to 7 | (with lunch break) |
| Wednesday | 7 to noon or 1 p.m. | |
| Thursday | 7 to 7 | (with lunch break) |
| Friday | 7 to 7 | (with lunch break) |
| Saturday | 8-6 | (with lunch break) |

In addition to his lunch break, Mr. Kumar would leave the store on a near daily basis to attend to personal matters. He would frequently leave for the day in the late afternoon as well.

**INTERROGATORY 10:**   State the number of hours worked by each person identified in response to Interrogatory No. 7, per week, from March 2003 through the present. Identify all documents and statements which relate thereto, including, but not limited to, time sheets, time clock punch cards, and pay stubs.

**ANSWER:**   Pursuant to agreement of counsel, the parties have agreed to reserve on this interrogatory pending Court's rulings and further discussion of counsel.

**INTERROGATORY 11:** State the amount of all wages and/or other forms of compensation paid to Plaintiff by you, per week, from March 2003 through the present. If forms of compensation other than salary or commission were paid to Plaintiff (*e.g.*, car allowance, health benefits, travel expenses, etc.), indicate the form of the compensation, the total monetary value of such compensation, and the basis for arriving at such a monetary value. Identify all documents and statements which relate thereto, including, but not limited to, pay stubs and reimbursement checks.

**ANSWER:** Please see Answers to Interrogatories Number 6.

**INTERROGATORY 12:** State the amount of all wages and/or other forms of compensation paid by you to each person identified in your response to Interrogatory No. 7, per week, from March 2003 through the present. If forms of compensation other than salary or commission were paid to any person identified (*e.g.*, car allowance, health benefits, travel expenses, etc.), indicate the form of the compensation, the total monetary value of such compensation, and the basis for arriving at such a monetary value. Identify all documents and statements which relate thereto, including, but not limited to, pay stubs and reimbursement checks.

**ANSWER:** Pursuant to agreement of counsel, the parties have agreed to reserve on this interrogatory pending Court's rulings and further discussion of counsel.

**INTERROGATORY 13:** Identify all persons who supervised and/or directed Plaintiff in relation to the performance of his employment duties with you from March 2003 through the present. Include in your answer the dates, times, and business locations of such supervision and/or direction and state the job title for each such person.

**ANSWER:** Mr. Kumar operated the store with little or no supervision. His supervisor was Fred Mamdouhi.

**INTERROGATORY 14:** Do you contend that you do not owe Plaintiff overtime wages

and/or minimum wages as alleged in the Complaint? If yes, state all reasons why you so contend (including any exemptions claimed), state all facts upon which you rely to support this contention, identify all persons with personal knowledge of any facts that support your contention, and identify all documents and statements which relate thereto.

**ANSWER:** The employer asserts that the Plaintiff was paid in excess of applicable minimum wages. With respect to overtime wages, the Plaintiff was exempt from payment of overtime due to the fact that he was an administrative employee responsible for managing the store. His responsibilities did not include the dry-cleaning type work performed by the labor force at the dry-cleaning store. He received the same salary irrespective of the number of hours he actually worked and his pay was not docked for time he missed. He was responsible for making discretionary decisions, dealing with contractors, and supervising other employees. He had the authority to make recommendations with respect to hiring, firing, advancement, promotion, or other changes of status of other employees.

**INTERROGATORY 15:** Were overtime wages withheld from Plaintiff a result of a dispute between Plaintiff and you? If so, describe in detail the nature of the dispute, explain the method used to calculate the amount of wages withheld, and state the resolution, if any, of such dispute. Identify all documents and statements which relate thereto.

**ANSWER:** No.

**INTERROGATORY 16:** Describe with specificity all actions taken by you, at any time prior to or during the period of Plaintiff's employment with you, to determine whether Plaintiff, or any other person employed by you, was an exempt or non-exempt employee for purposes of the federal Fair Labor Standards Act and the Maryland Wage and Hour Law. Identify all documents and statements which relate thereto.