# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSHAN KUMARA  
MALALGODAPITIYA, *et al.*  
    *Plaintiffs,*

v.                                      Case No.: 1:06 CV 00430 (RJL)

JAAM, Ltd. t/a  
PARKLANE CLEANERS, *et al.*  
    *Defendants.*

## DEFENDANT JAAM, LTD'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

To:    Roshan Kumara Malalgodapitiya, Plaintiff  
       c/o Philip B. Zipin, Esq.  
       The Zipin Law Firm, LLC  
       8403 Colesville Road, Suite 610  
       Silver Spring, MD 20910

From:  JAAM, Ltd., Defendant  
        c/o Gerard J. Emig, Esq.  
        Gleason, Flynn, Emig & Fogleman, Chartered  
        11 North Washington Street, Suite 400  
        Rockville, MD 20850

## RESPONSES

1.    All documents or statements which relate to Plaintiff's employment with you for the period March 2003 to the present, including, but not limited to: (i) his entire personnel file; (ii) contracts, offers of employment, or other documents identifying or describing the terms and conditions of Plaintiff's employment with you; (iii) any job description for all positions held by Plaintiff during his term of employment with you; (iv) documents identifying, describing, or referring to bonuses promised, mentioned, earned by, or paid to

Plaintiff; and (v) any working file maintained by any supervisor or co-worker of Plaintiff relating to Plaintiff.

**RESPONSE:** The Defendants have no responsive documents. The Defendants prepared an Application for Alien Employment Certification for a position that would be made available once the Plaintiff obtained a green card. See, pp. 1 and 2.

2. All employment manuals, training manuals, instructional manuals or materials, policy and procedure manuals, or any other document provided to Plaintiff by you, for the period March 2003 to the present, which relate, in any way, to Plaintiff's duties and responsibilities while employed by you, or overtime compensation for Plaintiff or employees in Plaintiff's position.

**RESPONSE:** The Defendants have no such documents other than manuals for the equipment at the store.

3. All documents that identify, describe, or refer to the manner and extent to which Plaintiff was compensated by you for each week from March 2003 through the present, including, but not limited to: time records; time sheets; accounting and payroll records; paycheck stubs; 1099 and W-2 Forms, records of changes in salary or commission; records of compensation received by Plaintiff, whether in cash or non-cash benefits; bonus plans; and documents related to any changes in compensation for Plaintiff.

**RESPONSE:** The Defendants have no such records as the Plaintiff was paid in cash. The Defendant will rely on testimony of witnesses to establish payments. The Defendants have an affidavit of Utuh Rahardja Putra that establishes amounts paid to the Plaintiff. See, pp. 3 and 4. The Defendants have statements from Mangelo and Dorin Mawilmada concerning the Plaintiff's rate of pay when he was first hired.