IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSHAN KUMARA MALALGODAPITIYA, *et al.* | : : : | |
| **Plaintiffs,** | : : | |
| v. | : : | Case No.: 1:06 CV 00430 (RJL) |
| JAAM, Ltd. t/a PARKLANE CLEANERS, *et al.* | : : : | |
| **Defendants.** | : : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, by and through their counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to Fed. R. Civ. P. 26(c), hereby move this Honorable Court for entry of a protective order relieving the Defendants from their obligation under Fed. R. Civ. P. 34 to produce Defendant JAAM, Ltd.'s 2003, 2004, 2005, and 2006 federal and state income tax returns. In support of their motion, the Defendants state as follows:

## FACTUAL BACKGROUND

On or about March 8, 2006, the Plaintiffs filed their Complaint in the instant action. Such Complaint alleges certain violations of various federal and state wage and hour statutes. The Plaintiffs amended their Complaint on or about September 25, 2006, in order to allege a violation of the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §§32-1001, *et seq.*, as well as a claim for breach of contract arising out of the employment of Plaintiff Roshan Kumara Malalgodapitiya (hereinafter referred to as "Plaintiff Kumara").

In support of his Amended Complaint, on or about November 30, 2006, the Plaintiff served his Second Request for Production of Documents to Defendant JAAM, Ltd. Such Request seeks the production of:

> 19. All federal and state tax returns filed by [Defendant] JAAM, Ltd. for the years 2003, 2004, 2005, and 2006, including all schedules attached thereto. This request specifically includes quarterly payroll reports filed with federal and state governments.

However, as indicated below, the Plaintiff is not entitled to the production of such materials, particularly where Defendant JAAM, Ltd. has not placed the amount of its income at issue, and has acknowledged that it did not withhold any taxes from Plaintiff Kumara's pay. As such, the Defendants are entitled to the entry of a protective order relieving them from the obligation to produce Defendant JAAM, Ltd.'s 2003, 2004, 2005, and 2006 federal and state income tax returns..

## ARGUMENT

**I.   PROTECTIVE ORDER STANDARD**

As a general principle of law, a party proceeding before a United States District Court is entitled to the discovery of information, not otherwise privileged, that is "relevant" to the claims or defenses asserted in the case. Fed. R. Civ. P. 26(b)(1). Information is considered "relevant" if it tends to "make the existence of any fact that is of consequence of to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. Relevant information need not be admissible in its own right in order to be discoverable, so long as the requested discovery is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). *See also* Payne v. Howard, 75 F.R.D. 465, 469 (D.D.C. 1977).

However, the right to discover information is not absolute. Such right may be limited by operation of a motion for protective order filed pursuant to Fed. R. Civ. P. 26(c). This rule provides that:

> [u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown,...[the court] may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…

Id.

The relief available pursuant to a motion for protective order includes, but is not limited to, an order decreeing that "the disclosure or discovery not be had…" Fed R. Civ. P. 26(c)(1).

In order to show good cause for entry of a protective order, "the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements." Peskoff v. Faber, 230 F.R.D. 25, 28 (D.D.C. 2005), *quoting*, Low v. Whitman, 207 F.R.D. 9, 10-11 (D.D.C. 2002). (Citations omitted.) Additionally, "district courts assessing the existence of good cause must exercise their discretion in light of the relevant facts and circumstances of a particular case." Tavoulareas v. Washington Post, 111 F.R.D. 653, 658 (D.D.C. 1986).

As indicated below, the Defendants are entitled to entry of an order prohibiting the production of Defendant JAAM, Ltd.'s 2003, 2004, 2005, and 2006 federal and state income tax returns. Such information is not relevant to the claims raised in this case and is not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g.,* Washington v. Thurgood Marshall Academy, 232 F.R.D. 6, 11 (D.D.C. 2005). (In denying a motion to compel, absent some affirmative showing by the plaintiff, a defendant's tax returns are deemed not relevant to claims for breach of contract, wrongful discharge, misrepresentation, and retaliation.) (John M. Facciola, Mag. J.) In this regard, the production of such materials would be an oppressive and

3

undue burden on the Defendants and their business. Accordingly, the instant Motion for Protective Order should be granted.

**II.    PLAINTIFFS ARE NOT ENTITLED TO PRODUCTION OF DEFENDANT JAAM, LTD.'S FEDERAL AND STATE TAX RETURNS**

It is well-settled under Federal law that, "income tax returns are confidential communications between a taxpayer and the government." Federal Savings & Loan Insurance Company v. Krueger, 55 F.R.D. 512, 514 (N.D. Ill. 1972); 26 U.S.C. §§ 6103 and 7213(a). Courts have interpreted the case law addressing this issue as embodying "a general federal policy against indiscriminate disclosure of tax returns." Payne v. Howard, 75 F.R.D. 465, 469 (D.D.C. 1977). Although tax returns are not privileged *per se*, their disclosure has been limited as a matter of policy to certain factual circumstances. American Air Filter Co. v. Kannapell, 1990 WL 137385 at *3 (D.D.C. September 10, 1990), *citing*, Eglin Federal Credit Union v. Cantor, 91 F.R.D. 414, 416 (N.D. Ga. 1981). *See also* Payne, 75 F.R.D. at 470, *quoting*, Heathman v. United States District Court, 503 F.2d 1032, 1039 (9th Cir. 1974) (Tax returns are discoverable in appropriate circumstances, such as "where access is required to replace 'lost, destroyed or otherwise unavailable' sources of information, or to determine accurately the relationship of co-defendants in a 'tangled network of individuals and other legal entities.'") Accordingly, "unless clearly required in the interests of justice, litigants ought not be required to submit [tax] returns as the price for defending or bringing a lawsuit." Wisenburger v. W.E. Hutton & Co., 35 F.R.D. 556, 557 (S.D.N.Y. 1964). This is particularly true where the party seeking a protective order has not made their financial state an issue in the case. Krueger, 55 F.R.D. at 514, *citing* Kingsley v. Delaware, Lackawanna & Western R. Co., 20 F.R.D. 156 (S.D.N.Y. 1957). *Accord* Payne, 75 F.R.D. at 470.

In this regard, several courts have adopted a two (2) prong test to be satisfied before compelling the disclosure of tax returns through discovery.  In order to compel disclosure, the court must find:

> (1) that the returns are relevant to the subject matter of the action; and (2) that there is a compelling need for the returns because the information contained therein is not readily otherwise available.
>
> S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985).

The Plaintiffs' request for the production of Defendant JAAM, Ltd.'s income tax returns fails on both of these scores.  There has not been any showing that the requested tax information is relevant to the claims made by the Plaintiffs in this case.  Indeed, the Defendants have conceded that taxes and/or Social Security were not withheld from Plaintiff Kumara's pay.  Moreover, Defendant JAAM, Ltd.'s tax returns will not contain any information directly regarding or attributable to Plaintiff Kumara.  In this regard, it remains unclear how Defendant JAAM, Ltd.'s tax returns will aid the Plaintiffs in the development of their claims.  At best, the Plaintiffs' request is a "fishing expedition" into Defendant JAAM, Ltd.'s financial affairs in order to determine whether it has sufficient assets to pay a judgment.[1]  Further, there is nothing to suggest that the information sought by the Plaintiffs has not been produced to them already in the course of discovery or is not otherwise available to them in some other document or format.

Based on the foregoing, the Plaintiffs cannot demonstrate that they are entitled to the production of Defendant JAAM, Ltd.'s tax returns.  To be certain, the production of such materials would be in conflict with the generally accepted proposition that such returns constitute confidential communications between a taxpayer and the United States

---

[1] The Defendants note that a defendant's income may be an issue where there has been a claim made for punitive damages.  Payne, 75 F.R.D. at 470, Fn. 5.  However, a review of the Plaintiffs' Amended Complaint indicates that no such claim made has been made in this case.

5

Government.  <u>Krueger</u>, 55 F.R.D. at 514.  As such, a protective order should be entered, thus relieving the Defendants from the undue burden associated with the production of such materials.

## **CONCLUSION**

WHEREFORE THE REASONS SET FORTH ABOVE, Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, hereby move this Honorable Court for entry of a protective order relieving the Defendants from their obligation under Fed. R. Civ. P. 34 to produce Defendant JAAM, Ltd.'s 2003, 2004, 2005, and 2006 federal and state income tax returns.

        Respectfully submitted,

        GLEASON, FLYNN, EMIG
        & FOGLEMAN, CHARTERED

          /s/ Gerard J. Emig
        Gerard J. Emig, #973609
        Matthew J. Focht, #480906
        11 North Washington Street, Suite 400
        Rockville, MD 20850
        (301) 294-2110

        Attorneys for Defendants

## REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument on all issues raised herein.

/s/ Gerard J. Emig<br>Gerard J. Emig

## RULE 26(c) CERTIFICATION

I HEREBY CERTIFY THAT on December 14, 2006, my associate, Matthew J. Focht, Esq., communicated via e-mail with Steven Kaplan, Esq., of The Zipin Law Firm, LLC, in an effort to resolve the discovery issues raised in the instant motion. Such efforts proved fruitless, and the issues raised herein are now ripe for this Honorable Court's consideration.

/s/ Gerard J. Emig<br>Gerard J. Emig

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS 14th day of December, 2006, a copy of the foregoing Memorandum of Points and Authorities In Support of Defendants' Motion for Protective Order was served electronically on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

/s/ Gerard J. Emig<br>Gerard J. Emig