IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSHAN KUMARA
MALALGODAPITIYA, *et al.*
    *Plaintiffs,*

v.                         Case No.: 1:06 CV 00430 (RJL)

JAAM, Ltd. t/a
PARKLANE CLEANERS, *et al.*
    *Defendants.*

## ANSWERS TO INTERROGATORIES

To:    Roshan Kumara Malalgodapitiya, Plaintiff
        c/o Philip B. Zipin, Esq.
        The Zipin Law Firm, LLC
        8403 Colesville Road, Suite 610
        Silver Spring, MD 20910

From:  JAAM, Ltd., Defendant
        c/o Gerard J. Emig, Esq.
        Gleason, Flynn, Emig & Fogleman, Chartered
        11 North Washington Street, Suite 400
        Rockville, MD 20850

      Defendant JAMM, Ltd, by and through undersigned counsel, hereby responds to the Interrogatories propounded by the Plaintiff, stating as follows:

## INSTRUCTIONS

      (a)    The information supplied in these Answers is not based solely on the knowledge of the executing parties, but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

      (b)    The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus does not necessarily purport to be the precise language of the executing party.

(c) These Answers to Interrogatories furnish knowledge, facts and information presently available and, as requested, if subsequent or different information is obtained before trial, these Interrogatories will be appropriately supplemented, either formally or informally by communicating the information to all parties.

## ANSWERS

**INTERROGATORY 1:** Identify all persons who provided information used in answering these Interrogatories and state in detail the information provided by each person identified.

**ANSWER:** Faramarz Mamdouhi provided all information set forth in these Answers to Interrogatories.

**INTERROGATORY 2:** Identify each person (other than a person intended to be called as an expert witness at trial) having discoverable information that tends to support a position that you have taken or intend to take in this action, including any affirmative defense, and state in detail the information possessed by each person identified.

**ANSWER:** This Defendant objects to Interrogatory 2 in that this Defendant cannot speak for other persons. This Defendant further objects in that discovery is in its early stages. This Defendant reserves the right to supplement this and all other answers to interrogatories. Without waiving these objections, this Defendant answers this interrogatory as follows:

The following persons may have discoverable information supporting the positions asserted by the Defendants herein:

a. Faramarz Mamdouhi: Mr. Mamdouhi has knowledge concerning the hiring of the Plaintiff, the terms of the Plaintiff's employment, the Plaintiff's job duties, the manner and method in which the Plaintiff was paid, and all matters relating to the Plaintiff's employment.

b. Mathew Nezam: Mr. Nezam has personal knowledge about the manner in

which the Plaintiff was paid as well as the terms and condition of the Plaintiff's employment.

    c.      Kathy Sprouse: Ms. Sprouse performed bookkeeping services for the employer. She has knowledge about the amount paid to the Plaintiff.

    d.      Rick Levine of D and R Equipment Company: Mr. Levine dealt with the Plaintiff on a regular basis. Mr. Levine is familiar with Mr. Kumar's responsibilities and position at the Defendant's dry cleaning store.

    e.      Mangelo "Mani" Mawilmada and Dorin Mawilmada: Mr. Mani introduced the Plaintiff to the employer. Mr. Mani is familiar with the original offer of employment. Mrs. Mawilmada has knowledge about the plaintiff's rate of pay.

    f.      Sena Basnayake, Esq.: Mr. Basnayake is familiar with discussions concerning the employment between the Plaintiff and the Defendant.

    g.      Sanclair Skinner: Mr. Skinner is a regular customer and has knowledge of the Plaintiff's status as manager.

    h.      Al Edmundson: Mr. Edmundson is a regular customer and has knowledge of the Plaintiff's status as a manager. He observed the Plaintiff open the store and address customer related problems.

    i.      Michael Gholsin: Mr. Gholsin is a sales representative from Richclean. He has knowledge of the Plaintiff's stats as manager.

    j.      Denise Webster: Mrs Webster is a regular customer and has knowledge of the Plaintiff's status as manager.

    k.      Kathy Pourfarhod: Ms. Pourfarhod was a seamstress in the store in 2001 and 2002. She has knowledge of how much the Plaintiff was paid and his position: that the Plaintiff was a manager.

    l.      Vickie Dorsey: Ms. Dorsey was an employee. She has knowledge that the Plaintiff was off on Wednesdays.

    m.    Sohaila Nassiri: Ms. Nassiri worked in the store on a part time basis. She has knowledge of the Plaintiff's position as a manager.

    n.    Salar Azad: Mr. Azad worked in the store on a part time basis. He has knowledge of the Plaintiff's position as a manager.

    o.    Saman Kholdebarin: Saman Kholdebarin was an employee and has knowledge of Mr. Kumar's position as a manager.

    p.    R. L. Brown: Officer brown is a member of the Metropolitan Police Department and has knowledge of the Plaintiff's job responsibilities.

    q.    Utuh Rahardja Putra- Mr. Putra has knowledge of the plaintiff's job responsibilities, his rate of pay and the hours worked by the plaintiff.

**INTERROGATORY 3:** Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions.

**ANSWER:** No decision concerning expert witnesses has been made at this time.

**INTERROGATORY 4:** If you intend to rely upon any documents, statements, or other tangible things to support a position that you have taken or intend to take in this action, including any affirmative defense, provide a brief description of all such documents, statements, and other tangible things, and identify all persons having possession, custody, or control of them.

**ANSWER:** All such documents will be produced.

**INTERROGATORY 5:** If any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered against you in this action or to

**ANSWER:** During the course of the Plaintiff's employment, his managerial position never changed to include performing the typical labor work of the other dry cleaning employees.

**INTERROGATORY 17:** Identify with specificity all work performed by Plaintiff from March 2003 through the present which you contend is exempt from payment of overtime wages. Include in your answer the precise dates and locations where such exempt work was performed by Plaintiff.

**ANSWER:** Please see answer to previous interrogatories.

**INTERROGATORY 18:** Identify all person(s) responsible for determining whether or not to pay Plaintiff at the overtime rate (time-and-a-half) for hours worked over forty (40) in a given work week.

**ANSWER:** The decision to pay Mr. Kumar's salary was a corporate decision.

**Faramarz Mamdouhi swears and avers:**

On behalf of JAAM, Ltd., I have signed the foregoing Answers to Interrogatories. Although there is no single agent, servant, or employee of this defendant who has personal knowledge regarding all of the matters set forth herein, this information was gathered and collected by me or at my request on behalf of JAAM, Ltd. To the best of my knowledge, information, and belief, the Answers truly and correctly reflect the cumulative knowledge of the defendant with respect to the subject matter of the Interrogatories.

WHEREFORE, the affiant states that said Answers are true and correct according to information transmitted to the affiant as aforesaid.

I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Faramarz Mamdouhi

Respectfully submitted,

GLEASON, FLYNN, EMIG &
FOGLEMAN, CHARTERED