**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROSHAN KUMARA** : | |
| **MALALGODAPITIYA,** *et al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No.: 1:06 CV 00430 (RJL) |
| : | |
| **JAAM, Ltd. t/a** : | |
| **PARKLANE CLEANERS,** *et al.* : | |
| : | |
| **Defendants.** : | |

**REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, by and through their counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to Fed. R. Civ. P. 26(c) and Local Civ. R. 7(d), hereby respectfully submit their reply to the Plaintiffs' opposition to their motion for entry of a protective order relieving the Defendants from their obligation under Fed. R. Civ. P. 34 to produce Defendant JAAM, Ltd.'s 2003, 2004, 2005, and 2006 federal and state income tax returns. In further support of their motion, the Defendants state as follows:

While "tax returns in the possession of the taxpayer are not immune to civil discovery," the judicial consensus is that courts, "as a matter of policy, should be cautious in ordering their disclosure." United States v. Bonnano Organized Crime Family, 119 F.R.D. 625, 627 (E.D.N.Y. 1988). Such policy concerns are based upon the court's interest in balancing "the policy of liberal discovery against the policy of maintaining confidentiality of tax returns." Id. *See also* S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985). In this regard, the courts have developed a two-pronged test to be satisfied before the court will order the disclosure of tax returns in the course of civil discovery:

> [F]irst, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not readily obtainable.

Id.

The party seeking discovery of the tax returns bears the burden of proving the issue of "relevance." Bonnano, 119 F.R.D. at 627. *See also* Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc., 96 F.R.D. 147, 148-49 (E.D. Va. 1982). Conversely, the party resisting disclosure bears the burden of establishing the existence of alternative sources for the requested information. Id.

In their opposition to the instant motion, the Plaintiffs have argued that Defendant JAAM, Ltd.'s state and federal tax returns are relevant to the claims asserted in the instant matter in that the tax returns shed light on whether the Defendants "willfully" paid Plaintiff Roshan Kumara Malalgodapitiya (hereinafter referred to as "Plaintiff Kumara") less than the wages mandated under the FLSA. The "willfulness" standard under applicable law is whether the Defendants "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richmond Shoe Co., 486 U.S. 128, 133 (1988). *See also* TWA v. Thurston, 469 U.S. 111, 128 (1985); Maldonado v. Administracion de Correccion, 1993 WL 269654 at *4 (D. P.R. February 5, 1993).

The Defendants have conceded that they did not withhold taxes and/or Social Security from Plaintiff Kumara's pay, and that their tax returns do not contain any information directly attributable to Plaintiff Kumara. Further, the Defendants have admitted that they had annual gross sales of over $500,000[1]. In light of these concessions, the Plaintiffs have failed to address how the *lack* of certain information in Defendant JAAM, Ltd.'s tax returns bears upon the

---

[1] Such information is relevant for purposes of classifying the Defendants as a business "enterprise" subject to the mandates of the FLSA.

2

question of whether Plaintiff Kumara was paid in accordance with applicable law. Rather, in an effort to gain sympathy for their position and/or to intimidate the Defendants, the Plaintiffs have attempted to portray Defendant JAAM, Ltd. as a rogue business. This mischaracterization, however, ignores the fact that the relevant inquiry on the willfulness issue is whether the Defendants believed they were acting in accordance with applicable law with *regard to Plaintiff Kumara's pay*, as opposed to whether they were in full compliance with the Internal Revenue Code. *See* Maldonado, 1993 WL 269654 at *4. ("In endeavoring to prove willfulness, a plaintiff must proffer evidence which shows that the defendant (i) had actual knowledge of or showed reckless disregard *for the FLSA* and (ii) intentionally disobeyed or ignored the law.") (Emphasis added.) In theory, the Defendants could have paid Plaintiff Kumara *more* than what was required under applicable law, and still failed to note such information on Defendant JAAM, Ltd.'s tax returns. Indeed, how much Plaintiff Kumara ultimately was paid in wages bears little, if any, relationship to what the business claimed on their tax returns. The connection between Defendant JAAM, Ltd.'s tax returns and the "willfulness" issue presented in this case is simply too attenuated to warrant the production of such returns in the course of discovery. *See* Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 43 (D. Mass. 2001). (Denying a motion to compel the production of income tax returns in an employment discrimination/retaliation case where the link between the returns and the purpose to which the plaintiff would use them is too "tenuous.")

Alternatively, the Plaintiffs contend that the requested tax returns are relevant because they may be used as impeachment materials at the trial of this matter. However, under Fed. R. Evid. 608(b), extrinsic evidence, such as tax returns, may not be used to impeach a witness' credibility where the alleged bad acts have not risen to the level of a criminal conviction. EEOC v. First Wireless Group, Inc., 225 F.R.D. 404, 406 (E.D.N.Y. 2004). *Cf.* Chnapkova v. Koh, 985

F.2d 79, 82 (2d Cir. 1993) (In a medical malpractice claim, oral testimony regarding the plaintiff's income tax returns elicited at trial without the apparent use of extrinsic evidence held admissible.)  Defendant JAAM, Ltd. has not been convicted of a crime arising out of the statements contained in its income tax returns, thus precluding the use of such returns, themselves, for impeachment purposes.  First Wireless Group, 225 F.R.D. at 406.

It is also important to note that while tax returns may be admissible in certain contexts, it does not necessarily follow that they are always discoverable.  Id. ("[A]dmissibility of [impeachment] information at trial is not a standard governing discovery.")  Cf. Koh, 985 F.2d at 82.  (Ruling on the admissibility of trial testimony regarding the plaintiff's complete failure to file income tax returns for a period of eight years.)  Rather, the Cymaticolor test controls whether the production of income tax returns may be compelled in the course of discovery.  Id.  *See also* Cymaticolor, 106 F.R.D. at 547.  To be certain, the Plaintiffs cannot meet the heavy burden on the relevance issue imposed on them by the Cymaticolor case.  As such, the Defendants' Motion for Protective Order should be granted.

Moreover, there is no need for the Plaintiffs to seek the requested information from another source.  The Defendants have admitted that the information the Plaintiffs seek regarding Plaintiff Kumara's pay does not exist in any written format.  Defendant JAAM, Ltd.'s tax returns do not contain any information directly attributable to Plaintiff Kumara.  Further, the Defendants have admitted that taxes and/or Social Security were not withheld from Plaintiff Kumara's pay.  Finally, they have admitted that Defendant JAAM Ltd. is a business enterprise subject to the requirements of the FLSA.  Based on these admissions, no further discovery is required on any of these issues, thus obviating the need for the Defendants to produce their tax return.  At this point, any further discovery on these issues, to wit, the disclosure of Defendant JAAM, Ltd.'s tax

returns, would constitute nothing more than a mere "fishing expedition" into the Defendants' financial affairs.

In closing, it is important to note that in the only reported case found by the Defendants addressing the issues raised in the instant motion, the United States District Court for the Eastern District of Wisconsin held that in a FLSA case, a corporate defendant's annual income tax returns were not discoverable in the absence of a claim for punitive damages. *See* Glorioso v. Williams, 130 F.R.D. 664, 665 (E.D. Wis. 1990). Accordingly, the Defendants' Motion for Protective Order should be granted.

WHEREFORE THE REASONS SET FORTH ABOVE, Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, hereby respectfully renew their motion that this Honorable Court enter a protective order relieving the Defendants from their obligation under Fed. R. Civ. P. 34 to produce Defendant JAAM, Ltd.'s 2003, 2004, 2005, and 2006 federal and state income tax returns.

Respectfully submitted,

GLEASON, FLYNN, EMIG
& FOGLEMAN, CHARTERED

   /s/ Gerard J. Emig
Gerard J. Emig, #973609
Matthew J. Focht, #480906
11 North Washington Street, Suite 400
Rockville, MD 20850
(301) 294-2110

Attorneys for Defendants

### REQUEST FOR ORAL ARGUMENT

Defendants hereby renew their request for oral argument on all issues raised herein.

/s/ Gerard J. Emig
Gerard J. Emig

### RULE 26(c) CERTIFICATION

I HEREBY CERTIFY THAT on December 14, 2006, my associate, Matthew J. Focht, Esq., communicated via e-mail with Steven Kaplan, Esq., of The Zipin Law Firm, LLC, in an effort to resolve the discovery issues raised in the instant motion. Such efforts proved fruitless, and the issues raised herein are now ripe for this Honorable Court's consideration.



/s/ Gerard J. Emig
Gerard J. Emig

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS 28th day of December, 2006, a copy of the foregoing Reply to Plaintiffs' Opposition to Defendants' Motion for Protective Order was served electronically on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

/s/ Gerard J. Emig
Gerard J. Emig