IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROSHAN KUMARA** | : | |
| **MALALGODAPITIYA,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | Case No.: 1:06 CV 00430 (RJL) |
| | : | |
| **JAAM, Ltd. t/a** | : | |
| **PARKLANE CLEANERS,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' PRETRIAL STATEMENT

Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, by and through their counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to L. Cv. R. 16.5 hereby respectfully submit their Pretrial Statement, stating as follows:

I.  Statement of the Case.

At all times relevant to the instant matter, the Defendants owned and/or operated a pair of dry cleaning stores in the District of Columbia. The first store was known as "Parklane Cleaners," and was located at 4304 Connecticut Avenue, N.W. The second store was known as "Parkland Cleaners," and was located at 3811 McKinley Street, N.W.

In or around November or December 2001, the Defendants hired Plaintiff Roshan Kumara Malalgodapitiya to be the manager for the Parklane store. Plaintiff Kumara was referred to the Defendants by one of their employees, and was hired with the understanding that he was going to learn all aspects of the management of the store.

On or about March 8, 2006, the Plaintiff filed his Complaint in the instant action. The Complaint includes claims by the Plaintiff against the Defendants for violations of various federal and state wage and hour statutes arising out of his employment as the manager of the

Parklane store, including the Federal Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 201 *et seq*. Jurisdiction in this Court is based primarily on the violation of federal law alleged herein. Such complaint has since been amended to add additional claims, including one for breach of contract.

In response to the Plaintiff's allegations, the Defendants have asserted several fact-based affirmative defenses, including, but not limited to, a claim that the Plaintiff was a *bona fide* administrative and/or executive employee during his period of employment, thus rendering him exempt from the requirement that he be paid overtime for those hours he worked over and above the forty hours per week threshold.

II. Statement of Claims.

1. The Defendants generally deny all allegations of liability and damages.

2. Any failure to pay Plaintiff Roshan Kumara Malalgodapitiya earned wages under applicable law arose out of a *bona fide* dispute between the Plaintiff and the Defendants.

3. The Plaintiff was employed by the Defendants in a managerial, executive, administrative and/or professional capacity.

4. The Plaintiff was paid his earned wages in accordance with applicable law.

5. The Plaintiff is not entitled to an award of treble damages.

6. The Defendants did not violate the relied upon statutes as alleged.

7. There was no legally enforceable employment contract between the Plaintiffs and the Defendants.

8. Any failure to pay the Plaintiff any earned wages arose out of a good faith belief by the Defendants that they were acting in accordance with applicable law.

9. The Plaintiff is not entitled to an award of punitive and/or treble damages.

10. The Plaintiff is not entitled to an award of liquidated damages.

11. The Plaintiff was not a party to any purported agreement between the Defendants and the United States Immigration and Naturalization Service.

III. Statement of Defenses.

See Section II, above.

IV. Witnesses.

1. Plaintiff Roshan Kumara Malalgodapitiya;

2. Defendant Faramarz Mamdouhi: Mr. Mamdouhi has knowledge concerning the hiring of the Plaintiff, the terms of the Plaintiff's employment, the Plaintiff's job duties, the manner and method in which the Plaintiff was paid, and all other matters relating to the Plaintiff's employment.

3. Mehdi ("Matthew") Nezam, 13140 Glen Road, North Potomac, MD 20878: Mr. Nezam is an employee of Defendant JAAM, Ltd. Mr. Nezam has personal knowledge about the manner in which the Plaintiff was paid as well as the terms and conditions of the Plaintiff's employment.

4. Kathryn Sprouse, 1800 Newton Street, N.W., Apartment 4, Washington, D.C. 20010: Ms. Sprouse performed bookkeeping services for the employer. She is expected to testify as to the Plaintiff's rate of pay.

5. Richard A. Levine, D&R Equipment Co., Inc., 3923 12th Street, N.E., Washington, D.C. 20017: Mr. Levine dealt with the Plaintiff on a regular basis. Mr. Levine is

familiar with the responsibilities and duties of the Plaintiff with regard to the operation of the Defendants' store.

      6.    Mangelo "Mani" Mawilmada, 5801 Cherrywood Lane, Apartment 103, Greenbelt, MD 20770: Mr. Mawilmada introduced the Plaintiff to the employer. Mr. Mawilmada is familiar with the original offer of employment made to the Plaintiff by the Defendants.

      7.    Dorin Mawilmada, 5801 Cherrywood Lane, Apartment 103, Greenbelt, MD 20770: Mrs. Mawilmada is expected to testify as to the Plaintiff's rate of pay.

      8.    Sena Basnayake, Esq., 1815 H Street, N.W., Suite 500, Washington, D.C. 20005: Mr. Basnayake is familiar with discussions between the Plaintiff and the Defendants concerning the nature of the Plaintiff's employment.

      9.    Sanclair Skinner, Address Unknown: Mr. Skinner is a regular customer of the Defendants' store and has knowledge of the Plaintiff's status as manager.

      10.    Al Edmundson, 733 Hobart Place, N.W., Washington, D.C. 20001: Mr. Edmundson is a regular customer of the Defendants' store and has knowledge of the Plaintiff's status as a manager. In particular, Mr. Edmundson is expected to testify that he observed the Plaintiff open the store and address customer related problems.

      11.    Michael Gholsin, 2810 Ackley Avenue, Richmond, VA 23228: Mr. Gholsin is a sales representative from Richclean. He is expected to testify as to the Plaintiff's status as a manager.

      12.    Denise Webster, Address Unknown: Mrs. Webster is a regular customer of the Defendants' store and has knowledge of the Plaintiff's status as manager.

13. Kathy Pourfarhod, Address Unknown: Ms. Pourfarhod was a seamstress in the store in 2001 and 2002. She is expected to testify as to the Plaintiff's rate of pay and his managerial status.

14. Vickie Dorsey, 849 Berkshire Drive, Chillum, MD 20783: Ms. Dorsey was an employee of the Defendants. She is expected to testify that the Plaintiff did not work on Wednesdays.

15. Sohaila Nassiri, Address Unknown: Ms. Nassiri worked in the store on a part-time basis and is expected to testify as to the Plaintiff's managerial status.

16. Salar Azad, Address Unknown: Mr. Azad worked in the store on a part-time basis and is expected to testify as to the Plaintiff's managerial status.

17 Saman Kholdebarin, 3516 Banquo Drive, Silver Spring, MD 20906: Mr. Kholdebarin is a former employee of the Defendants and is expected to testify as to the Plaintiff's managerial status.

18. R. L. Brown, Address Unknown: Officer Brown is a member of the Metropolitan Police Department and is expected to testify as to the job responsibilities he observed the Plaintiff performing.

19. Utuh Rahardja Putra, 6004 Muncaster Mill Road, Rockville, MD 20855: Mr. Putra is a former employee of the Defendants and is expected to testify as to the Plaintiff's job responsibilities, his rate of pay and the hours he worked.

20. Any and all witnesses named by the Plaintiff; and

21. Any and all witnesses named by any party in the course of discovery.

V.

<u>Exhibits.</u>

1. Any and all documents arising out of the District of Columbia Department of Employment Services investigation of the Defendants' businesses;

2. Any and all exhibits listed by the Plaintiff; and

3. Any and all materials produced by any party in the course of discovery

VI. <u>Deposition Portions.</u>

1. The Defendants reserve the right to use portions of the deposition of Mangelo Mawilmada for purposes of substantive, rebuttal, and/or impeachment evidence. In particular, the Defendants reserve the right to use the following sections of Mr. Mawilmada's deposition:

    a. pp. 7, ln. 1- pp. 23, ln. 10;

    b. pp. 23, ln. 11 – pp. 28, ln. 10;

    c. pp. 31, ln. 1 – pp. 33, ln. 22;

    d. p. 36, ln. 9 – ln. 22; and

    e. pp. 41, ln. 12 – pp. 45, ln. 7;

2. The Defendants reserve the right to use portions of any other individual deposed in the course of discovery for purposes of substantive, rebuttal and/or impeachment testimony, to the extent such individuals are otherwise unavailable to testify in person at the trial of this matter.

VII. <u>Itemization of Damages.</u>

Not applicable. The Defendants object to the Plaintiff's itemization of damages on the grounds set forth in Section II, above.

VIII.　Relief Sought.

Entry of judgment in favor of the Defendants with an award of costs and such other relief the Court deems just and proper.

>Respectfully submitted,
>
>GLEASON, FLYNN, EMIG
>& FOGLEMAN, CHARTERED
>
>　/s/ Gerard J. Emig　
>Gerard J. Emig, #973609
>Matthew J. Focht, #480906
>11 North Washington Street, Suite 400
>Rockville, MD 20850
>(301) 294-2110
>
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS 19th day of December, 2006, a copy of the foregoing Defendants' Pretrial Statement was served electronically on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

>　/s/ Gerard J. Emig　
>Gerard J. Emig