**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROSHAN KUMARA MALALGODAPITIYA      :
     :
*On Behalf of Himself and*      :
*All Others Similarly Situated*      :
     :
       Plaintiff,      :
     :
          v.      :     Case No.: RJL-CV-06-430
     :
JAAM, LTD.      :
t/a PARKLANE CLEANERS, *et al*.      :
     :
       Defendants.      :

<u>**PRETRIAL STATEMENT**</u>

Plaintiff, by and through his undersigned counsel, and pursuant to LCvR 16.5, hereby

provides the Court with his Pretrial Statement.

**16.5(b)(1)(i): Statement of the Case**.  This case involves claims by Plaintiff

Roshan Kumara Malalgodapitiya ("Plaintiff" or "Kumara") against Defendants JAAM, LTD t/a

Parklane Cleaners ("JAAM"), and Faramarz Mamdouhi ("Mamdouhi"), JAAM's principle

owner, for failure to pay minimum and overtime wages under federal and state law.

In or around November or December 2001, Defendants hired Kumara as a "manager" of

the Parklane Dry Cleaning Store, located in Washington, D.C. near the University of the District

of Columbia.  Kumara did not have any prior dry cleaning or management experience.  Kumara,

an emigrant from Sri Lanka, could speak only very broken English at that time.

Sometime in 2002, Kumara asked Defendants whether they would sponsor him for his green

card.  Defendants initially said they would not help him, but in July 2002 changed their mind.  On

Kumara's application, Mamdouhi, under the penalties of perjury, indicated to the United States

Government that Defendants would hire Kumara as an "Alterations Tailor" and would pay Kumara

$12.00 per hour regular pay and $18.00 per hour for overtime. Kumara did not at that time, and still does not know, how to alter clothing.

Plaintiff worked approximately seventy (70) hours per week. Kumara performed a wide variety of menial tasks at the dry cleaner, including assisting customers; tagging same day service items; assembling dry cleaning; and folding shirts. Kumara opened and closed the store almost every day, and kept a record of other employees' time.

Plaintiff did not perform work that meets the definition of exempt work under the FLSA or state law, yet was not compensated at the rate required by law for his many hours of overtime work.

For the entire duration of his employment with Defendants, Kumara was paid $500.00 every other week ($250.00 per 70 hour week, approximately $3.57 per hour), in cash, "under the table." Kumara never received a payroll check, indicating gross pay and deductions taken therefrom. In fact, Defendants did not withhold taxes or social security from his pay. Defendants did not maintain payroll records - as required by law - of how much they paid Kumara or how often. Nor did Defendants maintain any record of hours worked by Kumara, again a violation of law.

Kumara was never provided with a job description or a formal title. In fact, Defendants did not maintain employment manuals, training manuals or any other document which related to Kumara's duties or responsibilities.

Plaintiff worked for Defendants through through September 22, 2005. After the termination of his employment, Plaintiff complained to the DC Wage-Hour Office regarding Defendants' failure to pay proper overtime wages. The DC Wage-Hour Office performed an investigation and determined that Plaintiff was owed in excess of $41,000 in overtime wages by

Defendants.  Defendants attempted to settle the matter by offering Plaintiff, who was

unrepresented by counsel at that time, $12,000 for his overtime claims, which Plaintiff refused.

This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C.

§ 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act

of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. §

1331 (Federal Question).  This Court has supplemental jurisdiction over Plaintiff's state law

claims under 28 U.S.C. § 1391(b).

**16.5(b)(1)(ii): Plaintiff's Statement of Claims.**  Plaintiff has claims for (1)

violation of the FLSA for failing to pay overtime wages due; (2) violation of the FLSA for

failing to pay minimum wages due; (3) violation of the MWPCL for failing to pay wages due;

(4) violation of D.C. Minimum Wage Act Revision Act of 1992 ("DCMWA") for failure to pay

overtime due; and (5) violation of DCMWA for failure to pay minimum wages due.  Plaintiff

hereby withdraws Counts VI and VII of the Amended Complaint for Violation of DC Wage

Payment and Wage Collection Act and breach of contract, respectively.

Plaintiff also seeks liquidated damages under the FLSA and DCMWA, additional

damages under the MWPCL, as well as prejudgment interest, costs, and attorney's fees.

All claims are against both Defendants, jointly and severally.

**16.5(b)(1)(iv): Witnesses to be Called by Plaintiff.**  In addition to testifying on

his own behalf, Plaintiff expects to call some or all of the following witnesses to testify at trial

(bolded names expected to be called; non-bolded to be called if need arises):

1. **Defendant Faramarz ("Fred") Mamdouhi**.  Mamdouhi has knowledge regarding hours worked by Plaintiff, his job duties, and all other matters relating to Plaintiff's employment with Defendants (2 hours).

2. **Mehdi ("Matthew") Nezam**, 13140 Glen Road, North Potomac, Maryland 20878. Mr. Nezam is expected to testify as to the hours worked, job duties, and other matters relating to Plaintiff's employment (2 hours).

3. **Mangelo ("Mani") Mawilmada**, 5801 Cherrywood Lane, Apartment 103, Greenbelt, Maryland 20770.  Mr. Mawilmada is expected to testify regarding the hours worked by Plaintiff and other matters related to Plaintiff's employment. (1 hour).

4. Utuh Rahardja Putra, 6004 Muncaster Mill Road, Rockville, Maryland 20855.  Mr. Putra is expected to testify to Plaintiff's hours worked and job responsibilities. (1 hour).

5. **Pamela Banks**, District of Columbia Office of Wage-Hour, 64 New York Avenue, N.E., Suite 3105, Washington, DC 20002.  Ms. Banks is expected to testify regarding the wage-hour violations committed by Defendants, including with Plaintiff.

6. **Marina Mazariego**, 554 Southhampton Drive, Apt. E, Silver Spring, Maryland.  Ms. Mazariego is expected to testify regarding Plaintiff's job responsibilities and hours worked and the fact that Defendants failed to pay her overtime wages. (30 minutes).

7. **Oscar Pleytez**, 1409 Meridan Place N.W., Washington, DC 20010.  Mr. Pleytez is expected to testify regarding Plaintiff's job responsibilities and hours worked and the fact that Defendants failed to pay him overtime wages. (30 minutes).

8. **Blanca Barrentos**, 393 West Side Drive, Apt. 102, Gaithersburg, Maryland 20878.

Ms. Barrentos is expected to testify regarding Plaintiff's job responsibilities and hours worked.

(30 minutes).

9. Aarati Khand, 712 N. Monroe Street, Apt. 5, Arlington, Virginia 22201.  This witness

is expected to testify regarding Plaintiff's job responsibilities and hours worked. (30 minutes).

10. Gloria Ortega, 1014 Quebec Terrace, #301, Silver Spring, Maryland 20903.  This

witness is expected to testify regarding Plaintiff's job responsibilities and hours worked and the

fact that Defendants failed to pay her overtime wages. (30 minutes).

**16.5(b)(1)(v): Plaintiff's Exhibits.**  Plaintiff expects to offer the following

exhibits at trial:

1. Application for Alien Employment Certification, July 25, 2002 (2 pages).

2. Letter from Pamela A. Banks to Mr. Fred Mamdouhi, January 4, 2006 re

Wage-Hour Audit of Parklane Cleaners (2 pages).

3. Employer Compliance Summary, November 14, 2005 (2 pages).

4. JAAM, Ltd. check payable to Sprint, July 6, 2005.

5. JAAM Ltd. Payroll Journals, February – November 2005 (20 pages).

6. Letter from Mrs. Price to Gloria Ortega, April 11, 2006, along with JAAM,

Ltd. check for $4,000.00 (2 pages).

7. Letter from Mrs. Price to Marina Masariegos, April 11, 2006, along with

JAAM, Ltd. check for $6,500.00 (2 pages).

8. Letter from Corinne W. Price, Wage-Hour Compliance Specialist, to Mr.

Matthew Mamdouhi [sic], September 26, 2005.

9. MW-1 Complaint for Plaintiff, 9/23/05.

10. MW-2 Investigation Report, 4/12/06.

11. Letter from Margaret W. Wright, Acting Associate Director, DC Office of Employer Services, to Attorney Sena Basnayake, 3/10/05 (2 pages).

12. Complainant Interview, "Parkland Cleaners", dated October 14, 2005.

13. Unexecuted Agreement and General Release between JAAM. Ltd. and Plaintiff (3 pages).

14. Note to "Joy", dated 12/15/05.

15. Note from C. Bartley, dated 10/21/05.

16. Spreadsheet showing wages due Plaintiff, prepared by DC Wage-Hour, "adjusted 12/7/05" (6 pages).

17. Letter from Al Edmundson to "Whom it may concern: (Fred or Matthew)", dated April 22, 2005.

18. Other letters, investigative notes, and documents contained in the DC Wage-Hour investigation file regarding Defendants' businesses and the claims for overtime wages against them.

19. Any other document identified by Defendants or produced by either party in discovery.

**16.5(b)(1)(vi): Plaintiff's Deposition Designations.**

**Page/Line      to      Page/Line**

**Deposition of Mehdi Nezam:**
**4/17                5/9**
**5/5                 5/12**
**7/1                 7/21**

| | |
|---|---|
| **8/15** | **13/16** |
| **15/7** | **16/13** |
| **16/18** | **17/12** |

**Deposition of Faramarz Mamdouhi:**

| | |
|---|---|
| **5/9** | **6/8** |
| **8/13** | **9/10** |
| **12/8** | **12/15** |
| **17/15** | **18/14** |
| **22/4** | **22/7** |
| **23/8** | **23/9** |
| **24/5** | **24/8** |
| **26/4** | **29/17** |
| **30/2** | **31/3** |
| **31/9** | **31/15** |
| **33/17** | **33/19** |
| **36/7** | **38/4** |
| **40/17** | **40/19** |
| **44/21** | **45/7** |
| **45/14** | **47/6** |
| **49/1** | **50/6** |
| **51/21** | **52/2** |
| **69/4** | **70/13** |

**Deposition of Mangelo Mawilmada:**
**(cross-designation, as permitted)**

| | |
|---|---|
| **10/15** | **11/19** |
| **12/11** | **12/22** |
| **14/6** | **16/7** |
| **23/11** | **24/2** |
| **27/9** | **28/1** |
| **33/7** | **33/18** |
| **42/7** | **42/9** |

**16.5(b)(1)(vii): Itemization of Plaintiffs' Damages.** The damages for Plaintiff for

his claims are as follows:

- Overtime Wages Due -- FLSA/DCMWA/MWPCL            $37,807.50

- Liquidated Damages -- FLSA/DCMWA                  $37,807.50

- Additional Damages – MWPCL                        $113,422.50

- Unpaid Minimum Wage Wages Due -- FLSA $23,481.25

- Liquidated Damages on Minimum Wages Due -- FLSA $23,481.25

- Unpaid Minimum Wage Wages Due -- DCMWA $35,558.95

- Liquidated Damages on Minimum Wages Due -- DCMWA $35,558.95

Plaintiff also seeks pre-judgment interest on unpaid amounts due, costs and reasonable attorney's fees.

**16.5(b)(1)(viii): Other Relief Sought.** None.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Bar No. 367362
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email:     pzipin@zipinlaw.com

Counsel for Plaintiff