IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSHAN KUMARA MALALGODAPITIYA  *On Behalf of Himself and All Others Similarly Situated*  Plaintiff,  v.  JAAM, LTD. t/a PARKLANE CLEANERS, *et al.*  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Case No.: RJL-CV-06-430<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH DEPOSITION SUBPOENA**

Plaintiff Roshan Kumara Malalgodapitiya ("Plaintiff" or "Kumara") by and through his attorneys, Philip B. Zipin and The Zipin Law Firm, hereby moves this Honorable Court to quash the deposition subpoena *duces tecum* served by Defendants JAAM, LTD, *et al*. ("Defendants") by which Defendants purport to require the U.S. Citizenship and Immigration Services ("CIS") to produce documents related to Plaintiff's immigration status.[1] For the reasons set forth below, Defendants' efforts are violative of this Court's discovery schedule, have no bearing on any issue in this case, and are otherwise improper. The subpoena should be quashed.

    **I.    BACKGROUND AND PROCEDURAL POSTURE**

In 2000, Kumara came to this country from Sri Lanka looking for a better life. Kumara learned that Defendants were hiring immigrants who did not yet have a work permit or proper papers. Defendants hired Kumara, as well as other employees without

---

[1] A copy of the Subpoena and Notice of Deposition *Duces Tecum* is attached as Exhibit 1.

proper papers, and paid them in cash, without keeping any records of the transactions. *See* Deposition of Faramarz Mamdouhi, excerpts of which are attached as Exhibit 2, at 23, 36-39.

While in Defendants' employ, Plaintiff worked 70 hours per week and, by Plaintiff's account, received only $500 every two weeks, less than $3.60 per hour. Defendants paid Plaintiff in cash "under the table." No federal, state, or local taxes, or social security were deducted from Kumara's pay. *Id.* Although Defendants required Kumara to work in excess of forty hours every week, they refused to pay him overtime pay, as required by law.

Hiring undocumented workers, failing to pay wages properly, and failing to maintain accurate (or any) time records are, unequivocally, violations of law.

Suit was filed in this matter on March 8, 2006. The parties jointly advised the Court that the proposed discovery deadline would be December 1, 2006. On November 27, 2006, the parties filed a joint motion to extend discovery until January 15, 2007. Discovery was held thereafter through approximately August 2007.

On August 21, 2007, the Court ordered the parties to submit a Joint Status Report. On September 7, 2007, the parties submitted their Joint Status Report. In the first line of the Joint Status Report, filed September 7, 2007, the parties reported to the Court that "Discovery has been completed…" The parties then engaged in mediation.

On February 2, 2008, following unsuccessful mediation, the Court ordered the parties to submit a further Joint Status Report by February 18, 2008. On about February 18, 2008, the parties submitted their further Joint Status Report, again advising the Court that "Discovery has been completed…"

2

On February 13, 2008, the Court set a Pretrial Conference for April 17, 2008. The parties then filed their Pretrial Statements, in anticipation of the Pretrial Conference. In Defendants' Pretrial Statement, filed April 4, 2008, there is no listing in Paragraph III, "Statement of Defenses," of any putative defense based on Plaintiff's immigration status.

**ARGUMENT**

>**The Subpoena Should be Quashed Because Discovery Has Long Since Closed and the Documents Sought Are Irrelevant to Any Claim or Defense in this Case.**

The subpoena and Notice to Take Deposition Duces Tecum served by Defendants on CIS are obviously for purposes of discovery in this case. The deponent is commanded to produce Kumara's complete "Alien File" and "any and all other documents relating or referring to" Kumara at the court reporter's office on June 23, 2008 at 10:00am. *See* Exhibit 1. As set forth above, however, discovery closed months ago. Defendants have not sought to reopen discovery, which has already been extended once by agreement of the parties and permission of the Court, effectively through August 2007, almost 18 months after suit was filed. Pretrial Statements have been filed and a trial date beginning the week of September 29, 2008 is set. There is no reason that whatever documents are being sought at this late date could not have been sought prior to the close of discovery.[2]

Defendants' Pretrial Statement does not indicate any intention on the part of Defendants to conduct further discovery; rather, the Pretrial Statement further acknowledges that discovery has long-since been completed. Indeed, as the Court is well aware, the Pretrial Conference is intended to set the stage for trial, including

---

[2] Indeed, Defendants are required to have documents confirming an employee's legal right to work prior to hiring the employee, and have a Form I-9 on file for every employee. The documents being sought by Defendants should, by rights, already be in their possession.

identification of witnesses and documents to be introduced, and the establishment of an estimated trial time. The logic behind holding the Pretrial Conference and requiring the parties to submit their respective Pretrial Statements would be severely undermined if the parties are going to be permitted to continue sending out deposition subpoenas and taking further discovery willy-nilly after the date of the Pretrial Conference.

Further, the documents being sought are not relevant to any claim or defense in this action. Plaintiff has sought unpaid minimum and overtime wages. Plaintiff's immigration status is irrelevant to such claims, as the law requires that employees be compensated for hours worked regardless of the employee's immigration status. *Patel v. Quality Inn So.*, 846 F.2d 700, 703 (11th Cir.1988) ("The contention that Congress did not intend to protect undocumented workers when it passed the FLSA is contrary to the overwhelming weight of authority"); *In Re Reyes,* 814 F.2d 168, 171 (5th Cir. 1987)("Immigration status was "completely irrelevant to the case before it…and opened for litigation issues which were not present in the case.")

Finally, even if the documents arguably had some relevance to a claim or defense, references to Plaintiff's immigration status would almost certainly be excluded under FRE 403 as being unduly prejudicial. *U.S. v. Johnson,* 519 F. 3d 478 (D.C. Cir. 2008).

5

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion and Quash the subpoena served on CIS.

                                      Respectfully submitted,

                                      _____/s/_____
                                      Philip B. Zipin, Bar No.:  367362
                                      The Zipin Law Firm, LLC
                                      8403 Colesville Road, Suite 610
                                      Silver Spring, Maryland 20910
                                      301-587-9373
                                      pzipin@zipinlaw.com
                                      Counsel for Plaintiff