**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROSHAN KUMARA** | : | |
| **MALALGODAPITIYA,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No.: 1:06 CV 00430 (RJL)** |
| | : | |
| **JAAM, Ltd. t/a** | : | |
| **PARKLANE CLEANERS,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH DEPOSITION SUBPOENA**

Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi, by and through their counsel, Gleason, Flynn, Emig & Fogleman, Chartered hereby respectfully submit their opposition to the Plaintiffs' Motion to Quash Deposition Subpoena. In support of their opposition to the Plaintiffs' motion, the Defendants state as follows:

**ARGUMENT**

The issue of the Plaintiff's immigration status has come to the forefront due to the fact that during the April 17, 2008 Pretrial Conference, the Court indicated to the parties that if the Defendants testified at trial that they hired the Plaintiff, an alleged illegal alien, the Court would require that the Defendants be advised in the presence of the jury of their right under the Fifth Amendment to the United States Constitution not to incriminate themselves. Further, the Court strongly suggested that the Defendants have criminal counsel standing by in the courtroom in the event that this circumstance should come to pass.

At the time the Defendants' Pretrial Statement was filed on or about April 4, 2008, the Defendants certified to the Court, honestly and in good faith, that discovery was complete. At

that point, the Defendants took the position that the Plaintiff's immigration status was little more than an ancillary issue.   Discoverable information regarding the Plaintiff's immigration status and the means used to gain such status was requested and provided in the course of discovery. See Deposition Transcript of Roshan Kumara Malalgodapitiya, attached hereto as Exhibit A, at pp. 11-20, 49-55. In the usual course, this deposition testimony would have constituted sufficient inquiry into the Plaintiff's immigration status.   However, the Court's warnings to the Defendants at the Pretrial Conference put a particular focus on the Plaintiff's immigration status, thereby making it critical for purposes of trial preparation that undersigned counsel know exactly what the Plaintiff's immigration status was at the time he was hired by the Defendants and what representations he made to the U.S. Government on his visa application(s).   The only way to acquire such precise information is from the Plaintiff's original U.S. Customs and Immigration Services ("CIS") "Alien File," which includes, but is not limited to, any immigration visas granted to the Plaintiff, as well as the corresponding application(s) and supporting materials.   As such, on or about May 22, 2008, the Defendants propounded a Rule 45 Subpoena on the United States Department of Homeland Security, pursuant to the applicable Touhy regulations, seeking production of the Plaintiff's "Alien File."   Any such responsive materials are to be produced to the parties no later than June 23, 2008.

The parties agree that the Plaintiff's immigration status is not relevant to the merits of the claims presented in this case.  See Patel v. Quality Inn South, 846 F.2d 700, 703 (11th Cir. 1988). This is because the Fair Labor Standards Act, 29 U.S.C. §§201, et seq., construes the term "employee" broadly, and does not distinguish between those who are legally eligible to work in this country and those who are not.  See Montoya v. S.C.C.P. Painting Contractors, Inc., 530 F. Supp.2d 746, 749-50 (D. Md. 2008); Morrison v. Int'l Programs Consortium, Inc., 253 F.3d 5,

10 (D.C. Cir. 2001). In this regard, the Plaintiff cannot use his immigration status to advance the narrative that the Defendants took advantage of someone who "came to this country from Sri Lanka looking for a better life" in an effort to garner sympathy from the jury. Plaintiff's Memorandum of Points and Authorities at p. 2. Similarly, the Defendants cannot use the Plaintiff's immigration status as a way to escape liability or to limit their exposure to damages by stigmatizing the Plaintiff in the eyes of the jury as being "illegal." In light of the potentially prejudicial nature of such information if improperly used, undersigned counsel spoke with Phillip B. Zipin, Esq., counsel for the Plaintiff, shortly after the filing of the instant motion and requested that in exchange for the Defendants withdrawing the subpoena at issue, the parties would enter into a joint stipulation prohibiting any mention of the Plaintiff's immigration status at the trial of this matter. Mr. Zipin declined to enter into a stipulation to this effect, stating that "he did not know what his witnesses are going to say," and that he did not want to limit them in this regard. The Defendants expect to file a motion *in limine* on this issue prior to trial.

As set forth in detail below, the subpoena issued by the Defendants to the U.S. Department of Homeland Security pursuant to Fed. R. Civ. P. 45 is not considered a "discovery" subpoena, as it falls within the class of "trial" subpoenas not subject to the Court's discovery deadline. The subpoena at issue herein fits within the classification of "trial" subpoenas in that it seeks production of materials for purposes of trial preparation and in order to secure original materials supporting evidence timely adduced in the course of discovery. Accordingly, the Plaintiff's Motion to Quash Deposition Subpoena should be denied.

Generally, a Rule 45 subpoena is considered a discovery tool that is subject to a scheduling order's general discovery deadlines. Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001). However, the relevant case law observes that "situations may arise in which a

*subpoena duces tecum* may not constitute discovery, and therefore may properly be filed and served following the close of the discovery period." <u>Mortgage Information Svs., Inc. v. Kitchens</u>, 210 F.R.D. 562, 567 (W.D.N.C. 2002). "Trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery." <u>Puritan Inv. Corp. v. ASLL Corp.</u>, 1997 WL 793569 at *1 (E.D. Pa. December 9, 1997). <u>See</u> <u>also</u> <u>Rice v. U.S.</u>, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995) ("[N]ot all uses of Rule 45 subpoenas would constitute discovery and thereby be affected by discovery deadlines. For instance, a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery.")

The Defendants again represent to the Court that to their mind, discovery between the parties has been completed and remains closed. To the contrary, the subpoena propounded by the Defendants does not constitute "discovery" under the applicable case law and therefore is not subject to the Court's discovery deadline. Rather, the subpoena at issue has been issued for "trial" purposes, as the requested documents in the subpoena are necessary in order for the Defendants to prepare for trial and to fully protect the Defendants' rights in the course of addressing the Court's concerns raised at the April 17, 2008 Pretrial Conference. Further, the subpoena seeks production of original materials supporting evidence already adduced in the course of timely discovery. Production of the Plaintiff's "Alien File" will not prejudice any party, should not require any follow-on discovery or a general "reopening" of the discovery period, and will not in any way necessitate a postponement of the September 29, 2008 trial date. <u>See</u> <u>O'Boyle v. Jensen</u>, 150 F.R.D. 519, 520 (M.D. Pa. 1993) ("The subpoenas at issue are addressed to third parties, not to the plaintiff. The discovery deadline established by the court

precludes parties from conducting any further discovery addressed to each other or requiring one another's presence or participation, e.g. discovery in the form of interrogatories or depositions. It was not intended to preclude, and does not preclude, parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry not directed to, or requiring the participation of, the other side.")  Moreover, the Defendants have propounded the subpoena at issue in good faith and not for any dilatory or vexatious reason. Accordingly, the Plaintiffs' Motion to Quash Deposition Subpoena should be denied.

### **CONCLUSION**

WHEREFORE THE REASONS SET FORTH ABOVE, Defendants JAAM, Ltd., t/a Parklane Cleaners, and Faramarz Mamdouhi respectfully submit that the Plaintiffs' Motion to Quash Deposition Subpoena should be denied.

Respectfully submitted,

GLEASON, FLYNN, EMIG
& FOGLEMAN, CHARTERED


     /s/ Gerard J. Emig
Gerard J. Emig, #973609
Matthew J. Focht, #480906
11 North Washington Street, Suite 400
Rockville, MD 20850
(301) 294-2110

Attorneys for Defendants

## REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument on all issues raised herein.


_/s/ Gerard J. Emig_____
Gerard J. Emig




## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS 30th day of May, 2008, a copy of the foregoing Defendants' Opposition to Plaintiffs' Motion to Quash Deposition Subpoena was served electronically and via first-class mail, postage prepaid on:

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910



_/s/ Gerard J. Emig_____
Gerard J. Emig