**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROSHAN KUMARA MALALGODAPITIYA　　:
　　　　　　　　　　　　　　　　　　　　　　　:
*On Behalf of Himself and*　　　　　　　　　　:
*All Others Similarly Situated*　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　Plaintiff,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　　　　　　　: Case No.: RJL-CV-06-430
　　　　　　　　　　　　　　　　　　　　　　　:
JAAM, LTD.　　　　　　　　　　　　　　　　　:
t/a PARKLANE CLEANERS, *et al*.　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　Defendants.　　　　　　　　　　　　　　:

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO**
**QUASH DEPOSITION SUBPOENA**

Plaintiff Roshan Kumara Malalgodapitiya ("Plaintiff" or "Kumara") by and through his attorneys, Philip B. Zipin and The Zipin Law Firm, hereby replies to the Opposition filed by Defendants to Plaintiff's Motion to Quash Deposition Subpoena ("Opp.").

Although conceding that "[g]enerally, a Rule 45 subpoena is considered a discovery tool that is subject to a scheduling order's general discovery deadlines," Defendants nevertheless contend that the subpoena issued by Defendants is not a "discovery" subpoena, but rather is a "trial" subpoena not subject to the Court's discovery deadline. Opp. at 3. Defendants cryptically contend that the subpoena is intended "to secure original materials supporting evidence timely adduced in the course of discovery." *Id*.

Defendants' contention that they are not engaging in "discovery" is wholly misplaced. The subpoena is a discovery device. *See Marvin Lumber and Cedar Co. v.*

*PPG Industries, Inc.*, 177 F.R.D. 443 (D.Minn.1997).[1]  Having been issued after the close of discovery, it is untimely and should not be permitted.  *See Rice v. United States,* 164 F.R.D. 556, 558 (N.D.Okla.1995) ("[T]he better reasoned view is that the Rule 45 subpoenas duces tecum at issue before the Court are a form of discovery and, therefore, are subject to the Court's discovery deadline.")

More fundamentally, there is no connection between the documents sought and any claim or defense in this case.[2]  The documents sought are neither relevant nor reasonably calculated to lead to any relevant and admissible evidence in this case; as such, the documents sought are beyond the scope of discovery under Rule 26(b)(1).

Finally, Defendants seem to claim surprise that their actions in hiring Plaintiff might cause the Court to require the presence of criminal defense counsel at trial.  However, any suggestion that they might never have contemplated that criminal (in addition to civil) liability for Defendants' actions in hiring Plaintiff (and failing to pay him according to law) might accrue is seriously misplaced.  Defendants have operated their dry cleaning business in the District of Columbia for more than 25 years.  *See* Deposition of Faramarz Mamdouhi, excerpts of which are attached hereto as Exhibit 1 ("Mamdouhi Depo."), at 36.  Defendants acknowledge that they paid Plaintiff (among others) in cash, under the table, with no taxes or FICA taken out.  *Id*.  Defendants knew that Plaintiff did not have a social security number or proper papers when he was hired by

---

[1] The cases cited by Defendants to the effect that a Deposition Subpoena is not a "discovery" tool are in the minority, outdated, and not well reasoned.  *Dreyer v. GACS, Inc*., 204 F.R.D. 120, 122 (N.D. Ind. 2001).  Indeed, Defendants do not cite a single case in which a Court actually permitted non-discovery sought after the close of discovery, particularly in the absence of any indication that Defendants know what information is contained in the documents they are seeking.  *Puritan Inv. Corp. v. ASLL Corp*., 1997 WL 793569 at *2 (E.D. Pa. 1997) (In granting defendants' motion to quash, the Court observed: "There is absolutely no indication that plaintiff knows what information is contained in the documents it seeks or that it would support plaintiff's theory of its case.")  The time for fishing expeditions is long past.

[2] Defendants concede that Plaintiff's immigration status is irrelevant to any claim or defense in this case.  Opp. at 2-3.

2

them.  *Id*. at 23-24.

WHEREFORE, for the foregoing reasons and for the reasons set forth in the Motion, Plaintiff respectfully requests that this Court grant his Motion and Quash the subpoena served on CIS.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Philip B. Zipin, Bar No.:  367362
                                          The Zipin Law Firm, LLC
                                          8403 Colesville Road, Suite 610
                                          Silver Spring, Maryland 20910
                                          301-587-9373
                                          pzipin@zipinlaw.com
                                          Counsel for Plaintiff